1  Eric H. Gibbs (State Bar No. 178658)
   ehg@girardgibbs.com
2  **GIRARD GIBBS LLP**
3  601 California Street, Suite 1400
   San Francisco, California 94108
4  Telephone: (415) 981-4800
5  Facsimile: (415) 981-4846

6  Todd M. Schneider (State Bar No. 158253)
7  tschneider@schneiderwallace.com
8  **SCHNEIDER WALLACE COTTRELL
   BRAYTON KONECKY LLP**
9  180 Montgomery Street, Suite 2000
10 San Francisco, CA 94104
   Telephone: (415) 421-7100
11 Facsimile: (415) 421-7105
12 TTY: (415) 421-1655

13 Attorneys for Individual and Representative
14 Plaintiffs Kevin Dwaine Mitchell and Natasha Lytle

15                UNITED STATES DISTRICT COURT
16                CENTRAL DISTRICT OF CALIFORNIA

17 KEVIN DWAINE MITCHELL and          Case No. CV11-01796MPP(OPx)
18 NATASHA LYTLE, on behalf of
19 themselves and all others similarly situated,   COLLECTIVE AND CLASS ACTION

20              Plaintiffs,           **COMPLAINT FOR VIOLATIONS
                                      OF:**
21
22    v.                               (1) **FAIR LABOR STANDARDS
                                           ACT;**
23 ACOSTA SALES, LLC, f/k/a ACOSTA
24 SALES CO., INC. d/b/a ACOSTA SALES    (2) **CALIFORNIA LABOR
   AND MARKETING COMPANY, A                 CODE;**
25 Delaware limited liability corporation,
26 ACOSTA, INC., a Delaware corporation,  (3) **CALIFORNIA INDUSTRIAL
                                              WELFARE COMMISSION
27 and DOES 1-10.                             WAGE ORDERS; and**

                                       (4) **CALIFORNIA BUSINESS
28              Defendants.                 AND PROFESSIONS CODE
                                           §§17200, et seq.**

                COLLECTIVE AND CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

§§17200, *et seq.*

**JURY TRIAL DEMANDED**

COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs Kevin Dwaine Mitchell and Natasha Lytle, on behalf of themselves and all others similarly situated, allege as follows:

## NATURE OF THE CASE

1.      Defendants Acosta Inc. and Acosta Sales, LLC (collectively "Acosta") employ thousands of persons across the United States and hundreds in California as Merchandisers. Each day Acosta sends its Merchandisers to retail and convenience stores to collect and record information about product placement and inventory. The information collected is then relayed to the manufacturers and wholesalers of those products. Merchandisers also install, set up, maintain, and take down product displays. Acosta does not, however, pay the Merchandisers for all the time that it requires them to work and, in addition, does not reimburse them for their required and employment related use of personal vehicles, internet access, and cell phone service.

2.      Plaintiffs worked as Merchandisers for Acosta and seek to represent other former and current Acosta Merchandisers in this collective and class action against Acosta alleging that Acosta has engaged in an unlawful pattern and practice of failing to pay minimum wage and overtime pay as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and failing to meet the requirements of the California Labor Code. Plaintiffs seek injunctive and declaratory relief, compensation for all uncompensated work, reimbursement for all expenses incurred as required by employment, liquidated and/or other damages as permitted by applicable law, penalties, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

3.      The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 § U.S.C. § 1331. This Court has supplemental jurisdiction over the California state law claims because they are so related to this action that they form part of the same case or controversy under Article III of the United States Constitution. Additionally, jurisdiction over Plaintiff's state law claims is

1

1  based upon the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), because

2  the aggregated claims of the individual class members exceed the sum value of

3  $5,000,000, exclusive of interests and costs, and this is a class action in which more than

4  two-thirds of the proposed California Class, on the one hand, and Acosta, on the other,

5  are citizens of different states.

6      4.     Venue is proper in this District under 28 U.S.C. § 1391 because Acosta

7  conducts substantial business in this District and a substantial part of the acts and/or

8  omissions giving rise to the claims occurred in this District.

## PARTIES

10     5.     Plaintiff Kevin Dwaine Mitchell is a citizen and resident of San Diego,

11 California. Mr. Mitchell was employed by Acosta as a Merchandiser in San Diego,

12 California from April 2009 through December 2010.

13     6.     Plaintiff Natasha Lytle is a citizen and resident of Hesperia, California.

14 Ms. Lytle was employed by Acosta as a Merchandiser in Hesperia, California from

15 August 2008 through January 2011.

16     7.     Defendant Acosta Sales, LLC, f/k/a Acosta Sales Co., Inc., d/b/a Acosta

17 Sales and Marketing Company is a Delaware limited liability corporation. Acosta Sales

18 has its corporate headquarters in Jacksonville, Florida. Acosta Sales employs thousands

19 of Merchandisers nationwide. Acosta Sales has California regional offices in Brea,

20 Chula Vista, and Pleasanton, and advertises for Merchandiser positions and employs

21 hundreds of Merchandisers across the state of California.

22     8.     Defendant Acosta, Inc. is a Delaware corporation. Acosta Inc. is the

23 governing entity for Acosta Sales and has its corporate headquarters in Jacksonville,

24 Florida. Defendant Acosta Inc. directly or indirectly employs or controls the

25 employment of Merchandisers and therefore conducts business throughout the United

26 States and in the State of California.

27     9.     Plaintiffs are informed and believe, and based thereon allege, that at all

28 relevant times Acosta Inc. controlled Acosta Sales and that Acosta Sales acted as the

2

COLLECTIVE AND CLASS ACTION COMPLAINT

1    agent of Acosta Inc.   Plaintiffs are informed and believe, and based thereon allege, that
2    Acosta Inc. and Acosta Sales carried out a joint scheme, business plan, or policy, and
3    that acts of each are attributable to the other.  Acosta Inc.'s control over Acosta Sales
4    exceeds the control normally exercised by parent corporation.  Accordingly, Plaintiffs
5    allege that at all relevant times Acosta Inc. and Acosta Sales are or were the joint
6    employers of Plaintiffs and the collection of employees they seek to represent.  29
7    C.F.R. 791.2(b).

8         10.    Plaintiffs are informed and believe and thereon allege that each and every of
9    the acts and omissions alleged herein were performed by, and/or attributable to, all
10   Defendants, each acting as agents and/or employees, and/or under the direction and
11   control of each of the other Defendants, and that said acts and failures to act were within
12   the course and scope of said agency, employment and/or direction and control.

13        11.    Plaintiffs use the terms "Defendant," "Defendants," and "Acosta" to refer
14   collectively to all Defendants.

15                         **SUBSTANTIVE ALLEGATIONS**
16                          **GENERAL INFORMATION**

17        12.    Acosta employs persons as "Merchandisers," which as used herein includes,
18   but is not limited to, "Retail Coverage Merchandisers," "Retail Service Merchandisers"
19   and equivalent positions.

20        13.    Merchandisers typically are assigned to visit multiple retail stores, where
21   they use handheld electronic devices or reports to record information, such as which
22   products are placed in which areas of retail shelving and in which quantities.
23   Merchandisers also ensure that the appropriate merchandise is on sale and is displayed
24   properly, which involves checking date codes, rotating seasonal stock, attaching tags
25   properly, and related work.  In addition, Merchandisers install, set up, and monitor
26   product displays.

27        14.    Acosta paid Plaintiffs $12.00 per hour from April 2008 through January
28   2011.  The federal minimum was $5.15/hour until July 24, 2007, was $5.85/hour as of

3

COLLECTIVE AND CLASS ACTION COMPLAINT

1  July 24, 2007, was $6.55/hour as of July 24, 2008, and has been $7.25/hour at all times

2  since July 24, 2009. The minimum wage in California was $7.50/hour as of January 1,

3  2007, and has been $8.00/hour at all times since January 1, 2008.

### WORK OFF THE CLOCK

5    15.    Acosta requires Merchandisers to download information about their daily

6  work assignments and responsibilities from Acosta at the start of each day.

7  Merchandisers are expected and required to download the information at their homes in

8  order to plan their routes and schedules for the day before they depart for their first retail

9  store. Merchandisers are not paid for this time or for the time travelling to their first

10  assignments.

11    16.    At the end of the work day, Acosta requires Merchandisers to upload

12  information collected during the day about the shelving and inventory of products to an

13  Acosta server. Merchandisers are expected and required to upload the information at

14  their homes. Uploading the information collected each day to Acosta can take a half hour

15  or longer, depending on how busy the Acosta servers are and how much information is

16  uploaded. The Merchandisers must monitor the upload process closely because the

17  process is often unsuccessful and the Merchandisers must ensure the uploads are

18  completed by a certain time each night. Merchandisers also have to complete paperwork

19  at the end of each day. Merchandisers are not paid for any of this work time.

20    17.    Acosta's policy and practice of denying Plaintiffs and the proposed

21  collection and class members straight-time and overtime pay for all hours worked is

22  unlawful. Plaintiffs and the proposed collection and class members are entitled to

23  recover damages for these violations of law.

### NON-REIMBURSEMENT OF EMPLOYMENT EXPENSES

25    18.    Acosta requires Merchandisers to have valid driver's licenses and to use

26  their own vehicles to travel to their assigned retail stores each day. Acosta requires

27  Merchandisers to carry all the equipment and products they need for a job in their own

28  vehicles.

4

19.     Acosta maintains a policy that Merchandisers are not reimbursed for their travel expenses for either the first 20 miles of driving or the last 20 miles of driving each day. Acosta also has a policy of paying Merchandisers $0.31 for each mile above 40 miles a day. From 2007 through February 2011 the federal vehicle mileage reimbursement rate for businesses ranged from $0.48 through $0.58. Acosta maintains a policy and practice of reducing the mileage reimbursement rate to $0.10 for each mile when Merchandisers exceed a pre-set threshold for miles driven in a month.

20.     Acosta requires Merchandisers to use personal equipment and services for the discharge of their employment duties, but does not have a policy or practice of reimbursing its employees for their work related expenditures. The necessarily incurred but unreimbursed expenditures include, but are not limited to: (a) high speed internet access to download and upload information on a daily basis; (b) scanners and/or fax machines to transmit and receive hard copy documents to and from Acosta; and (c) printer cartridges and paper used to print plan-o-grams and other necessary documents; and (d) cell phone service to make and receive calls from Acosta supervisors and managers throughout the day.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

21.     Plaintiffs brings the First Count (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and a proposed collection of similarly situated employees defined as:

> All individuals who are currently employed, or formerly have been employed, by Acosta as Merchandisers, or equivalent positions, in the United States within the last three years (the "FLSA Collection").

22.     Plaintiffs, individually, and on behalf of other similarly situated employees defined above, seek relief on a collective basis challenging Acosta's policy and practice of failing to accurately record all hours worked, and failing to properly pay Merchandisers for all hours worked, including overtime compensation. The number and

COLLECTIVE AND CLASS ACTION COMPLAINT

1   identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs

2   may be determined from the records of Acosta, and potential opt-ins may be easily and

3   quickly notified of the pendency of this action.

4        23.    Plaintiffs bring the Second through Sixth Counts (the California state law

5   claim) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23. The

6   California Class is initially defined as:

7

8          All individuals who are currently employed, or formerly have been
    employed, by Acosta as Merchandisers, or equivalent positions, in

9          California, at any time during the four years prior to the
    commencement of this lawsuit through the date of class notice (the

10         "California Class").

11  Excluded from the California Class are anyone employed by counsel for Plaintiff in this

12  action; and any Judge to whom this case is assigned as well as his or her immediate

13  family.

14       24.    **Numerosity**. Acosta has employed hundreds of merchandisers in

15  California from 2007 through the present. California Class members are therefore far

16  too numerous to be individually joined in this lawsuit.

17       25.    **Existence and Predominance of Common Questions**. Common

18  questions of law and/or fact exist as to the members of the California Class and, in

19  addition, common questions of law and/or fact predominate over questions affecting

20  only individual members of the California Class. The common questions include the

21  following:

22         a.    Whether Acosta's policy and practice of requiring Merchandisers to

23  work off-the-clock without compensation violates California labor laws;

24         b.    Whether Acosta's policy and practice of failing to reimburse

25  employees for the employment related use of their personal vehicles, high speed internet

26  access, and cell phone service is a violation of Labor Code § 2802;

27         c.    Whether Acosta's payroll policies and practices have violated the

28  Labor Code and/or the California Unfair Competition Law, Business and Professions

COLLECTIVE AND CLASS ACTION COMPLAINT

Code §§ 17200, *et seq.* (the "UCL") by resulting in the provision of wage statements that do not accurately reflect the employee earnings and/or other items listed in Labor Code § 226(a);

d.     Whether Acosta's policies and practices of requiring Merchandisers to work off-the-clock and of failing to reimburse Merchandisers for the actual work related use of their personal property and services are an unlawful and unfair business act or practice in violation of the UCL.

e.     Whether Plaintiff and the California Class are entitled to damages and equitable relief, including, but not limited to, restitution and a preliminary and/or permanent injunction, and if so, the proper measure and formulation of such relief.

26.   **Typicality**. Plaintiffs' claims are typical of the claims of the California Class. Acosta's common course of conduct in violation of law as alleged herein has caused Plaintiffs and the proposed California Class to sustain the same or similar injuries and damages. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the proposed California Class.

27.   **Adequacy**. Plaintiffs are adequate representatives of the California Class because their interests do not conflict with the interests of the members of the class they seeks to represent. Plaintiffs have retained counsel competent and experienced in complex class action litigation, and Plaintiffs intend to prosecute this action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of members of the California Class.

28.   **Superiority**. The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each member of the California Class, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Acosta economically feasible. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of

COLLECTIVE AND CLASS ACTION COMPLAINT

1   single adjudication, economy of scale, and comprehensive supervision by a single court.

2       29.    In the alternative, the California Class may be certified because:

3           a.    the prosecution of separate actions by the individual members of the

4   California Class would create a risk of inconsistent or varying adjudication with respect

5   to individual members of the California Class which would establish incompatible

6   standards of conduct for Acosta; and

7           b.    Acosta has acted or refused to act on grounds generally applicable to

8   the California Class, thereby making appropriate final and injunctive relief with respect

9   to the members of the California Class as a whole.

10   **FIRST CAUSE OF ACTION**

11   **Violations of the Fair Labor Standards Act**

12   **(By the FLSA Collection and Against All Defendants)**

13       31.    Plaintiffs, on behalf of themselves and all others similarly situated, reallege

14   as if fully set forth, each and every allegation set forth herein.  Plaintiffs' consents to

15   join this action seeking unpaid wages are attached herewith as Exhibit A.

16       32.    At all times material herein, Plaintiffs have been entitled to the rights,

17   protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

18       33.    The FLSA requires, among other things, that employers whose employees

19   are engaged in interstate commerce, engaged in the production of goods for commerce, or

20   employed in an enterprise engaged in commerce or in the production of goods for

21   commerce pay employees the minimum wage for all time worked and overtime pay at

22   their regular rate of pay.  29 U.S.C. §§ 206(a)(1) and 207(a)(1).  Acosta is subject to the

23   requirements of the FLSA because it is an enterprise engaged in interstate commerce and

24   its employees are engaged in commerce.

25       34.    Acosta violated the FLSA by failing to pay Merchandisers for all time

26   worked, including overtime pay.  Acosta has also violated the FLSA by failing to keep

27   required, accurate records of all hours worked by its Merchandisers.  29 U.S.C. § 211(c).

28       35.    Plaintiffs and all similarly situated employees are victims of a uniform and

COLLECTIVE AND CLASS ACTION COMPLAINT

1  company-wide compensation policy.  This uniform policy, in violation of the FLSA, has
2  been applied to all Merchandisers employed by Acosta throughout California and the
3  United States.

4      36.  Plaintiffs and all similarly situated employees are entitled to damages equal
5  to the mandated pay and overtime premium pay within the three years preceding the
6  filing of this Complaint, plus periods of equitable tolling, because Acosta acted willfully
7  and knew or showed reckless disregard of whether their conduct was prohibited by the
8  FLSA.

9      37.  Acosta has acted neither in good faith nor with reasonable grounds to
10  believe that its actions and omissions were not a violation of the FLSA, and as a result
11  thereof, Plaintiffs and other similarly situated employees are entitled to recover an award
12  of liquidated damages in an amount equal to the amount of unpaid overtime pay, and/or
13  prejudgment interest at the applicable rate.  29 U.S.C. 216(b).

14      38.  As a result of the aforesaid violations of the FLSA's overtime pay
15  provisions, overtime compensation has been unlawfully withheld by Acosta from
16  Plaintiffs and all similarly situated employees.  Accordingly, Acosta is liable for unpaid
17  wages, together with an amount equal as liquidated damages, attorneys' fees and costs of
18  this action.

### SECOND CAUSE OF ACTION

**Failure to Pay All Straight Time and Overtime Earned for Hours Worked in**

**Violation of**

**California Labor Code §§ 510, 1194, and 1198; IWC Wage Order 7-2001**

**(By the California Class and Against All Defendants)**

24      39.  Plaintiffs, on behalf of themselves and all others similarly situated, reallege
25  as if fully set forth, each and every allegation set forth herein.

26      40.  Plaintiffs and the proposed California Class have been required by Acosta to
27  work off-the-clock without compensation for the work they performed, including, but not
28  limited to, the time they spend at home uploading and downloading information required

1   by Acosta and time they spend traveling to, among, and from retail sites. This time is
2   compensable work time and Acosta is required by law to pay the Merchandisers for this
3   time. By failing to properly compensate Merchandisers for all hours worked, Acosta has
4   violated IWC Wage Order 2001-7 (8 Cal. Code Regs. § 11070).

5      41.   Acosta has failed to pay overtime wages to Merchandisers for work in
6   excess of eight hours in a day and 40 hours in a week. Acosta has violated Labor Code §
7   510(a) and IWC Wage Order 2001-7.

8      42.   Pursuant to Labor Code §§ 1194 and 1198, Plaintiffs and the proposed
9   California Class are entitled to recover in a civil action the unpaid balance of the full
10  amount of straight time and overtime compensation owed to them, including interest
11  thereon, plus reasonable attorney's fees and costs of suit.

**THIRD CAUSE OF ACTION**

**Failure to Reimburse Employees for Expenses Required for Employment in
Violation of**

**California Labor Code § 2802 and IWC Wage Order 2001-7(9)(B)**

**(By the California Class and Against All Defendants)**

17     43.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully
18  set forth herein.

19     44.   Acosta has required Plaintiffs and the proposed California Class to obtain or
20  maintain vehicles, high speed internet access, and cell phone service because Acosta
21  maintains that those tools and services are necessary for Merchandisers to use to
22  discharge their employment duties.

23     45.   Acosta has policies and practice of failing to reimburse Merchandisers for
24  the business expenses related to vehicle use, high speed internet access, and cell phone
25  service that the Merchandisers actually and necessarily incur as part of their employment.
26  This is a violation of Labor Code § 2802, IWC Wage Order 7-2001(9)(B), and the UCL.

27     46.   Pursuant to state law, Plaintiffs and the proposed California Class are
28  entitled to recover in a civil action the unpaid balance of their unreimbursed business

10

COLLECTIVE AND CLASS ACTION COMPLAINT

1  expenses, including interest thereon, plus reasonable attorney's fees and costs of suit.

2  **FOURTH CAUSE OF ACTION**

3  **Failure to Provide Itemized Wage Statements**

4  **in Violation of California Labor Code § 226 and IWC Wage Order 2001-7**

5  **(By the California Class and Against All Defendants)**

6      47.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully

7  set forth herein.

8      48.   Acosta has failed and continues to fail to provide timely, accurate itemized

9  wage statements to Plaintiffs and members of the proposed California Class in

10  accordance with Labor Code § 226(a) and IWC Wage Order 2001-7 (8 Cal. Code Regs. §

11  11070). The wage statements Acosta provide their employees, including Plaintiffs and

12  proposed California Class members, do not accurately reflect the actual hours worked

13  and wages earned.

14      49.   Acosta's failure to provide timely, accurate itemized wage statements to

15  Plaintiffs and members of the proposed California Class in accordance with the Labor

16  Code and the applicable Wage Orders has been knowing and intentional. Accordingly,

17  Acosta is liable for damages and penalties under Labor Code § 226(e).

18  **FIFTH CAUSE OF ACTION**

19  **Waiting Time Penalties**

20  **Under California Labor Code §§ 201, 202 and 203**

21  **(By the California Class and Against All Defendants)**

22      50.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully

23  set forth herein.

24      51.   Labor Code § 201(a) requires an employer who discharges an employee to

25  pay compensation due and owing to said employee immediately upon discharge. Labor

26  Code § 202(a) requires an employer to pay compensation due and owing to said

27  employee within seventy-two (72) hours of that employee's termination of employment

28  by resignation. Labor Code § 203 provides that if an employer willfully fails to pay

1  compensation promptly upon discharge or resignation, as required under §§ 201 and 202,
2  then the employer is liable for waiting time penalties in the form of continued
3  compensation for up to thirty (30) work days.

4      52.   Plaintiffs and the members of the proposed California Class are entitled to
5  unpaid compensation for all hours worked but for which to date they have not received
6  compensation.

7      53.   Plaintiffs and certain members of the proposed California Class have left the
8  employ of Acosta but have not been paid full compensation for all hours worked.

9      54.   Acosta has willfully failed and refused, and continue to willfully fail and
10  refuse, to timely pay compensation and wages to the Plaintiffs and members of the
11  proposed California Class whose employment has terminated, as required by Labor Code
12  §§ 201 and 202. As a direct and proximate result, Acosta is liable to Plaintiffs and
13  proposed California Class Members for up to thirty (30) days of waiting time penalties
14  pursuant to Labor Code § 203, together with interest thereon.

15                          **SIXTH CAUSE OF ACTION**
16  **Unlawful and Unfair Business Practices in Violation of California Business and**
17               **Professions Code Section §§ 17200, *et seq.***
18          **(By the California Class and Against All Defendants)**

19      55.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully
20  set forth herein.

21      56.   California's Unfair Competition Law, Business and Profession Code §§
22  17200 *et. seq.*, prohibits unfair competition in the form of any unlawful and unfair
23  business act or practice.

24      57.   California Business and Professions Code § 17204 allows "any person who
25  has suffered injury in fact and has lost money or property as a result of such unfair
26  competition" to prosecute a civil action for violation of the UCL.

27      58.   Labor Code § 90.5(a) states it is the public policy of California to vigorously
28  enforce minimum labor standards in order to ensure employees are not required to work

COLLECTIVE AND CLASS ACTION COMPLAINT

1    under substandard and unlawful conditions, and to protect employers who comply with

2    the law from those who attempt to gain competitive advantage at the expense of their

3    workers by failing to comply with minimum labor standards.

4        59.    Beginning at an exact date unknown to Plaintiffs, but at least since the date

5    four years prior to the filing of this suit, Acosta have committed acts of unfair

6    competition as defined by the UCL, by engaging in the unlawful and unfair business

7    practices and acts described in this Complaint, including, but not limited to:

8            a.    violations of the Fair Labor Standards Act, 29 U.S.C. § 207,

9    pertaining to payment of wages and overtime compensation;

10           b.    violations of Labor Code §§ 510 and 1194, and Wage Order 7-2001

11   pertaining to payment of wages and overtime compensation;

12           c.    violations of Labor Code § 2802 pertaining to failure to reimburse

13   employees for business expenses;

14           d.    violations of Labor Code § 226 pertaining to the provision of accurate

15   wage statements; and

16           e.    violations of Labor Code §§ 201-202 pertaining to the payment of

17   compensation due and owing to employees immediately upon discharge.

18       60.    The violations of these laws and regulations, as well as of the fundamental

19   California public policies protecting workers, serve as unlawful predicate acts and

20   practices for purposes of the UCL.

21       61.    The acts and practices described above constitute unfair and unlawful

22   business practices, and unfair competition, within the meaning of the UCL.  Among other

23   things, Acosta's practices have required Plaintiffs and other similarly situated workers to

24   work for Acosta's benefit without the legally required compensation and reimbursement,

25   enabling Acosta to gain an unfair competitive advantage over law-abiding employers and

26   competitors.

27       62.    The Court may order injunctive or declaratory to enforce a penalty,

28   forfeiture, or penal law in a case of unfair competition.  Business and Professions Code

1 | §§ 17202 and 17203.

2 | 63. The Court may order monetary relief in the form of restitution of wages and
3 | the reimbursement of expenses. Business and Profession Code § 17203.

4 | 64. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §
5 | 1021.5 and otherwise.

## PRAYER FOR RELIEF

7 | WHEREFORE, Plaintiffs prays for relief as follows:

8 | 1. For an order certifying that the First Count of this Complaint may be
9 | maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of
10 | this action be issued to potential members of the opt-in FLSA Collection, apprising them
11 | of the pendency of this action, and permitting them to assert timely FLSA claims;

12 | 2. For an order certifying that the Second through Sixth Counts of this
13 | Complaint be maintained as a class action pursuant to Federal Rule of Civil Procedure 23
14 | on behalf of a class of Acosta Merchandisers employed in the state of California within
15 | the last four and that notice of the pendency of this action be provided to members of the
16 | California Class;

17 | 3. For an order designating Plaintiffs as class representatives for both the FLSA
18 | and state law claims and Plaintiffs' attorneys as Counsel for both the FLSA Collection
19 | and the California Class;

20 | 4. For an order awarding Plaintiffs, the FLSA Collection, and the California
21 | Class compensatory damages and statutory damages (including liquidated damages on
22 | the FLSA claim), including lost wages, earnings, and other employee benefits and all
23 | other sums of money owed to Plaintiffs and members of the FLSA Collection and the
24 | California Class, together with interest on these amounts;

25 | 5. For an order directing Acosta to identify, locate and restore to all current and
26 | former employees the restitution they are due for lost wages, earnings, and other
27 | employee benefits and all other sums of money, together with interest on these amounts;

28 | 6. For preliminary, permanent and mandatory injunctive relief prohibiting

14

COLLECTIVE AND CLASS ACTION COMPLAINT

1  Acosta, its officers, agents and all those acting in concert with them, from committing the

2  violations of law herein alleged in the future;

3       7.    For a declaratory judgment that Acosta has violated the FLSA and California

4  Labor Law and public policy as alleged herein;

5       8.    For an order imposing all statutory and/or civil penalties provided by law,

6  including but not limited to, penalties under Labor Code §§ 203 and 226(e), together with

7  interest on these amounts;

8       9.    For exemplary and punitive damages, as appropriate and available under

9  each cause of action, pursuant to Civil Code § 3294.

10      10.    For pre- and post-judgment interest;

11      11.    For an award of reasonable attorneys' fees as provided by the FLSA,

12  California Labor Code §§ 226(e) and 1194; California Code of Civil Procedure § 1021.5;

13  and/or other applicable law;

14      12.    For all costs of suit; and

15      13.    For such other and further relief as this Court deems just and proper.

16

17  DATED: March 2, 2011          Respectfully submitted,

18                      By:  _____

19                            Eric H. Gibbs

20                      Philip B. Obbard

21                      Matthew B. George

22                      **GIRARD GIBBS LLP**

23                      601 California Street, Suite 1400

                      San Francisco, California 94104

24                      Telephone: (415) 981-4800

25                      Facsimile: (415) 981-4846

26

27                      By:  _____

28                          Lisa M. Bowman

COLLECTIVE AND CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Todd M. Schneider
Lisa M. Bowman
Joshua G. Konecky
**SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP**
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
TTY: (415) 421-1655

Peter Schneider, *pro hac vice*
pschneider@gsnlaw.com
Keith Grady, *pro hac vice*
kgrady@gsnlaw.com
**GRADY SCHNEIDER, LLP**
801 Congress, Suite 400
Houston, TX  77002
Telephone: (713) 228-2200
Facsimile:  (713) 228-2210

Attorneys for Individual and Representative
Plaintiffs Kevin Dwaine Mitchell and Natasha
Lytle

16

COLLECTIVE AND CLASS ACTION COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana P. Pfaelzer and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## CV11- 1796 MRP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| KEVIN DWAINE MITCHELL and NATASHA LYTLE,<br>on behalf of themselves and all others similarly situated, | ) |
| *Plaintiff* | ) |
| v. | ) |
| ACOSTA SALES, LLC, ~~f/k/a ACOSTA SALES~~ *(handwritten)* | ) |
| CO. INC. d/b/a ACOSTA SALES AND MARKETING | ) |
| COMPANY, A Delaware limited liability corporation, | ) |
| ACOSTA, INC., A Delaware corporation, and DOES 1-10. | |
| *Defendants.* | |

Civil Action No.

**CV11 - 01796** MRP (OPX)

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*   Acosta, Inc. & Acosta Sales, LLC
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Eric H. Gibbs
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, CA 94108

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  MAR - 2 2011   _____

_____   *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

□  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

□  I returned the summons unexecuted because _____ ; or

□  Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____                          _____
                                                                         *Server's signature*

                                                                         _____
                                                                         *Printed name and title*

                                                                         _____
                                                                         *Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| KEVIN DWAINE MITCHELL and NATASHA LYTLE, on behalf of themselves and all others similarly situated | ACOSTA SALES, LLC, f/k/a ACOSTA SALES CO., INC. d/b/a ACOSTA SALES AND MARKETING COMPANY, A Delaware limited liability corporation, ACOSTA, INC., a Delaware corporation, and DOES 1-50 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Eric H. Gibbs - GIRARD GIBBS LLP<br>601 California Street, 14th Floor, San Francisco, CA 94108<br>(415) 981-4800 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No    ☑ MONEY DEMANDED IN COMPLAINT: $ over $5 million

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Wage and hour claims under FLSA, 26 U.S.C. 216(b), and California Labor Law

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV11-01796**

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County | San Diego County |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Florida |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County | San Diego County |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 03/02/2011

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |