**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071-2411
TELEPHONE:     213.972.4500
FACSIMILE:     213.486.0065

JOHN G. YSLAS CA Bar No. 187324
    jyslas@foley.com
JEREMY C. WOODEN CA Bar No. 253088
    jwooden@foley.com
NAN CHEN BAR NO. 268991
    nchen@foley.com
SCOTT CALLEN (Admitted *Pro Hac Vice*)
    scallen@foley.com
KEVIN HYDE (Admitted *Pro Hac Vice*)
    khyde@foley.com

ATTORNEYS FOR DEFENDANTS
ACOSTA SALES, LLC, AND ACOSTA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| KEVIN DWAINE MITCHELL, an Individual and NATASHA LYTLE, an Individual, <br><br> Plaintiffs, <br><br> v. <br><br> ACOSTA SALES, LLC, f/k/a ACOSTA SALES CO.,  INC. d/b/a ACOSTA SALES AND MARKETING COMPANY, A Delaware limited liability corporation, ACOSTA, INC., a Delaware corporation, and DOES 1-10 | Case No:  CV 11-01796 GAF (OPx) <br><br> **DEFENDANTS ACOSTA SALES, LLC AND ACOSTA, INC.'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE PLAINTIFFS' COMPLAINT** <br><br> **[FED. R. CIV. P. 12(B)(6); 12(F)]** <br><br> CLASS ACTION <br><br> Date:      June 13, 2011 <br> Time:      9:30 a.m. <br> Place:     Roybal Federal Building <br> Courtroom 740 <br> 255 East Temple Street <br> Los Angeles, CA 90012 <br><br> Judge:    Hon. Gary A. Feess |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 13, 2011, 9:30 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 255 East Temple Street, Los Angeles, CA 90012, Defendants Acosta Sales, LLC and Acosta, Inc. ("Defendants") will move, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), the Court to dismiss Plaintiffs' Complaint, or in the alternative, strike all individual, class and collective allegations, claims for compensation related to preliminary activity, claims for compensation related to normal commute and punitive damages asserted against Defendants by Plaintiffs Kevin Dwaine Mitchell and Natasha Lytle ("Plaintiffs").

This Motion is made on the grounds that Plaintiffs' individual, class and collective allegations do not meet the pleadings standard set forth in Federal Rules of Civil Procedure ("FRCP") 8(a)(2), and as it relates to FRCP 23, and no cause of action sets forth facts sufficient to state a claim upon which relief can be granted. Alternatively, Defendants move to strike the individual, class and collective allegations on the grounds that they do not meet the FRCP 8 and 23 pleading standards, Plaintiffs have pleaded without sufficient specificity unascertainable "fail safe" classes, and related to the class allegations Plaintiffs have not pled allegations sufficient to establish a plausibility of adequacy or typicality. Additionally, Plaintiffs' attempt to bring both a Rule 23 class action and a Federal Labor Standards Act ("FLSA") collective action under the same issues is procedurally preempted, and Plaintiffs' Rule 23 class action allegations should be stricken and all causes of action dismissed.  Plaintiffs' allegations claiming compensation for preliminary activity is unrelated to their principal activity and *de minimis* and that cause of action should be dismissed and/or the allegations  should be stricken.  Plaintiffs' allegations claiming compensation for normal commute time incidental to employment is not compensable and that cause of action should be dismissed and/or the allegations should be stricken.  Lastly, Plaintiffs' prayer

-1-

for punitive damages has no basis in law and should be stricken with prejudice. Counsel for Plaintiffs has offered to stipulate to striking the prayer for punitive damages without prejudice. Defendants maintain that the punitive damages should be stricken with prejudice.

This Motion has been made following the various conferences of counsel pursuant to L.R. 7-3 commencing on April 15, 2011. This Motion will be based on this Notice of Motion and the Memorandum of Points and Authorities filed herewith. Defendants have also provided the Court with a proposed order.

Dated:  May 9, 2011

FOLEY & LARDNER LLP
JOHN G. YSLAS
JEREMY C. WOODEN
NAN CHEN
KEVIN H. HYDE
SCOTT CALLEN


By:  /s/ John G. Yslas
JOHN G. YSLAS
Attorneys for Defendants ACOSTA
SALES, LLC and ACOSTA, INC.

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................. 1

II. LEGAL STANDARD ............................................................................ 3

III. SUMMARY OF ALLEGATIONS IN COMPLAINT .................................. 4

    A.  Factual Summary .......................................................................... 4

    B.  Causes Of Action ......................................................................... 5

IV. DISCUSSION ..................................................................................... 6

    A.  Plaintiffs' Complaint Fails To Meet The Minimal Federal
        Pleading Standard Pursuant To Fed. R. Civ. P. 8(a)(2) ...................... 6

        1.  Plaintiffs' Vague and Conclusory Allegations Do Not
            Meet Iqbal/Twombly Pleading Requirements............................ 6

    B.  Plaintiffs' Complaint Should Be Dismissed, Or, In The
        Alternative, Should Be Stricken ....................................................... 8

        1.  Plaintiffs' Boilerplate Allegations Are Plainly Deficient........... 8

        2.  Plaintiffs Fail to Allege And Cannot Establish That They
            Could Be Adequate Class Representatives.............................. 10

        3.  Plaintiffs Fail to Allege And Cannot Establish That They
            Could Be Typical Class Representatives................................. 11

    C.  Plaintiffs' Rule 23 Class Allegations Are Procedurally
        Preempted by FLSA and Should Be Dismissed or Stricken.............. 13

        1.  FLSA and Rule 23 Provide Two Conflicting Procedures. ....... 13

        2.  FLSA's Opt-in Procedures Preempt Rule 23's Opt-out
            Procedures........................................................................... 14

        3.  Plaintiffs' Class Allegations Do Not Survive Rule 23(b). ...... 17

        4.  Plaintiffs' Cited Cases Are Inapposite or Distinguishable....... 18

    D.  Plaintiffs' Compensation Claim For Preliminary Activities
        Should Be Stricken As Unrelated To Principal Activity And *De
        Minimis*................................................................................... 20

SFCA_1809859.3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

E.      Plaintiffs' Claim For Travel Time To And From Work Is Not Compensable And Should Be Stricken.................................................22

F.      Plaintiffs' Punitive Damages Are Unsupported By Law Or Fact. ......24

V.      CONCLUSION .............................................................................25

SFCA_1809859.3

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Acosta v. The Yale Club*,
   No. 94-CV-0888, 1995 WL 600873 (S.D.N.Y. Oct. 12, 1995) ....................... 12

*Anderson v. Blockbuster Inc.*,
   No. 10 CV 00158, 2010 U.S. Dist. LEXIS 53854 ................................................ 9

*Anderson v. Sara Lee Corp.*,
   508 F.3d 181 (4th Cir. 2007) ........................................................................... 15

*Armstrong v. Davis*,
   275 F.3d 849 (9th Cir. 2001) ........................................................................... 17

*Ashcroft v. Iqbal*,
   129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009) .................................................. 1, 4, 7

*Baas v. Dollar Tree Stores, Inc.*,
   No. C 07-03108 JSW, 2007 WL 2462150 (N.D.Cal. Aug. 29, 2007) .............. 19

*Balaris v. Wacker Siltronic Corp.*,
   370 F.3d 901 (9th Cir. 2004) ........................................................................... 21

*Balistreri v. Pacifica Police Dept.*,
   901 F.2d 696 (9th Cir. 1990) ............................................................................. 6

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ............................ *Passim*

*Brown v. Fed. Express Corp.*,
   249 F.R.D. 580 (C.D. Cal. 2008) ..................................................................... 11

*Burnside v. Kiewit Pac. Corp*,
   491 F.3d 1053 (9th Cir. 2007) ......................................................................... 22

*Campbell v. PricewaterhouseCoopers LLP*,
   253 F.R.D. 586 (E.D.Cal. 2008) ....................................................................... 12

*Chase v. AIMCO Properties, L.P.*,
   374 F.Supp.2d 196 (D.D.C. 2005) ............................................................. 16, 18

*Clesceri v. Beach City Investigations & Protective Services, Inc.*,
   No CV-10-3873, 2011 WL 320998 (C.D. Cal. January 27, 2011) .................... 19

-iii-

*Czechowski v. Tandy Corp.*,
    731 F.Supp. 406 (N.D.Cal.1990)........................................................................25

*DeAsencio v. Tyson Foods*,
    342 F.3d 301 (3d Cir. 2003) ....................................................................... 15, 18

*DeLeon v. Time Warner Cable LLC*,
    No 09-2438, 2009 U.S. Dist. LEXIS 74345...........................................................9

*Does v. Advanced Textile Corp.*,
    214 F.3d 1058 (9th Cir. 2000) ..........................................................................13

*Dozier v. Maispace*,
    No. C-05-1761, 2007 WL 518622 (N.D.Cal.2007) ...........................................25

*Edwards v. City of Long Beach*,
    467 F.Supp.2d 986 (C.D.Cal. 2006)..........................................................15, 17-18

*EEOC v. Pan Am. World Airways, Inc.*,
    897 F.2d 1499 (9th Cir. 1990) ..........................................................................13

*Ervin v. OS Restaurant Services, Inc.*,
    632 F.3d 971 (7th Cir. 2011) ..........................................................................19

*Garcia v. Sun Pac. Farm. Coop.*,
    No. CV F 06-0871, 2008 U.S. Dist. LEXIS 111969.......................................11

*Goldsby v. Adecco, Inc.*,
    No. C-07-5604, 2009 U.S. Dist. LEXIS 10799..........................................11, 12

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998)..........................................................................18

*Harding v. Timer Warner, Inc. (Harding I)*,
    No. 09 CV 1212, 2009 U.S. Dist. LEXIS 72851 (C.D. Cal. Aug. 18,
    2009)........................................................................................................8

*Hasken v. City of Louisville*,
    213 F.R.D. 280 (W.D.Ky. 2003) .................................................................16, 18

*IBP, Inc., v. Alvarez*,
    546 US 21 (2006) ..............................................................................................21

*In re Stac Elecs. Sec. Litig.*,
    89 F.3d 1399 (9th Cir. 1996) ............................................................................4

SFCA_1809859.3

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.*,
   505 F. Supp. 2d 609 (N.D. Cal. 2007) ................................................................25

*Indus. Truck Ass'n, Inc. v. Henry*,
   125 F.3d 1305 (9th Cir. 1997).............................................................................14

*LaChappelle v. Owens-Illinois, Inc.*,
   513 F.2d 286 (5th Cir.1975).................................................................................15

*Lanzarone v. Guardsmark Holdings*, Inc.,
   No. CV06-1136, 2006 U.S. Dist. LEXIS 95785 (C.D. Cal. Sep. 7, 2006)..11, 12

*Leuthold v. Destination America, Inc.*,
   224 F.R.D. 462 (2004)..............................................................................15, 17-18

*Love v. First Mortg. Corp.*,
   No. 08-0CV-0060, 2009 U.S. Dist. LEXIS 116997 (C.D. Cal. Dec. 14,
   2009) .......................................................................................................................9

*McClain v. Leona's Pizza, Inc.*,
   222 F.R.D 574 (N.D. Ill. 2004) .....................................................................16, 18

*Mitchell v. Kin Packing Co.*,
   350 US 260 (1956) ...............................................................................................21

*Moeck v. Gray Supply Corp.*,
   2006 WL 42368 (D.N.J.2006)..............................................................................15

*Murillo v. Pacific Gas & Elec. Co.*,
   266 F.R.D. 468 (E.D.Cal. 2010).........................................................................19

*Neary v. Metropolitan Property and Casualty Insurance Company*,
   472 F.Supp.2d 247 (D.Conn. 2007.) ..................................................................20

*Otto v. Pocono Health System*,
   457 F.Supp.2d 522 (M.D.Penn. 2006) ................................................................15

*Perez v. Safety-Kleen Systems, Inc.*,
   253 F.RD. 508 ......................................................................................................12

*Robertson v. Dean Witter Reynolds, Inc.*,
   749 F.2d 530 (9th Cir. 1984).................................................................................4

*Rutti v. LoJack Corp., Inc.*,
   596 F.3d 1046 (9th Cir. 2010).......................................................................21-22

*Smith v. Pizza Hut, Inc.*,
  694 F. Supp. 2d 1227 (D. Colo. 2010) ................................................. 9

*Villegas v. J.P. Morgan Chase & Co.*,
  No. C 09-00261, 2009 U.S. Dist. LEXIS 19265 ................................. 7

*Walters v. Reno*,
  145 F.3d 1032 (9th Cir. 1998) ............................................................ 17

*Wang v. Chinese Daily News, Inc.*,
  623 F.3d 743 (2010) ........................................................................... 20

*Warner v. Orleans Home Buildings, Inc.*,
  550 F.Supp.2d 583 (E.D.Pa. 2008) .................................................... 18

*Willey v. J.P. Morgan Chase, N.A.*,
  No. 09-1397, 2009 U.S. Dist. LEXIS 57826 ....................................... 9

*Woodward v. FedEx Freight E., Inc.*,
  250 F.R.D 178 (M.D. Pa. 2008) ......................................................... 14

*Wright v. Gen. Mills, Inc.*,
  No. 08 CV 1532, 2009 U.S. Dist. LEXIS 90576 ................................. 9

*Zhong v. August Corp.*,
  2007 WL 2142371 (S.D.N.Y. July 23, 2007) .................................... 11

*Zinser v. Accufix Research Institute*,
  253 F.3d 1180 (9th Cir. 2001), amended ....................................... 8, 18

## STATE CASES

*Brewer v. Premier Gold Properties*,
  168 Cal.App.4th 1243 (2008) ............................................................ 24

*Foley v. Interactive Data Corp.*,
  47 Cal.3d 654 (1988) ......................................................................... 24

*Henderson v. Security National Bank*,
  72 Cal.App.3d 764 (1977) ................................................................. 24

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal.4th 1134 (2003) ...................................................................... 25

*Morillion v. Royal Packing Co.*,
    22 Cal.4th 575 (2000) ..............................................................................22-23

*Overton v. Walt Disney Company*,
    136 Cal.App.4th 263 (2006) ...................................................................22-23

## FEDERAL STATUTES

28 U.S.C. § 1367 .............................................................................................. 19

29 U.S.C. §216(b) .................................................................................. *Passim*

28 USC § 1367(a) ..................................................................................... 16, 18

29 USC 254(a) .................................................................................................. 20

29 USC §§ 203, 207, 216(b) ........................................................................... 13

29 USC § 251-262 ........................................................................................... 22

29 USC § 254 ................................................................................................... 22

29 USC § 254(a) .............................................................................................. 21

29 USC §§ 261-262 (2006) ............................................................................. 14

Portal-To-Portal Act of 1947, ch. 52, 61 Stat. 84 .......................................... 14

## STATE STATUTES

California Business and Professions Code § 17200 ................................. 3, 6, 19, 24

California Labor Code §§ 201, 202, and 203 ................................................... 6

California Labor Code § 226 ............................................................................. 5

California Labor Code §§ 510, 1194, and 1198 ............................................... 6

California Labor Code § 2802 ........................................................................... 5

Civil Code section 3294 .................................................................................. 24

Labor Code § 203 .......................................................................................24-25

SFCA_1809859.3

## I.     INTRODUCTION

Plaintiffs Kevin Dwaine Mitchell and Natasha Lytle (collectively "Plaintiffs") bring forth a putative class and collective action claim, alleging to represent thousands of so-called "Merchandisers" across the nation.  Plaintiffs were previously employed, non-exempt employees of Acosta Sales, LLC ("Acosta").  Plaintiffs were employed as Merchandisers for Acosta in California. Plaintiffs allege that Merchandisers typically visit multiple retail stores during the day and record information and maintain the merchandise.  Plaintiffs claim that they have not been paid their full wages under both the Federal Labor Standards Act ("FLSA") and various California Labor Code provisions.

First, Plaintiffs' vague and conclusory allegations do not meet the pleading requirements required under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), because they fail to set forth factual grounds showing the plausibility that Plaintiffs are entitled to relief.  Plaintiffs fail to plead any facts to demonstrate that they could adequately represent the common interests of all current and former Merchandisers across the nation.  Plaintiffs plead no facts regarding their knowledge of the practices, policies or positions of their own alleged unit (which is not adequately specified) let alone other Merchandisers across the nation.  Plaintiffs do, however, allege that each Merchandiser is in fact quite autonomous and directs their own schedule, routine and transportation.  Thus, the Complaint clearly fails in its attempt to apply its class and collective allegations to the entire state of California and the entire nation without adequately pleading the predicate facts.  Thus, the Complaint should be dismissed in its entirety.

Second, Plaintiffs attempt to join other Merchandisers to this action by bringing both a FLSA collective action as well as a California class action, under conflicting procedures.  FLSA allows for collective action through an opt-in procedure, where only members who opt-in to the action are bound by the

judgment.  Congress intended FLSA actions to only include those members who truly wanted to participate, and created the opt-in procedure.  At the same time, Plaintiffs bring a class action under FRCP Rule 23.  The entirety of Plaintiffs' Rule 23 class action is also part of the FLSA putative class.  However, under Rule 23, rather than an opt-in procedure, Rule 23 has an opt-out procedure whereby any putative class member will be bound by the judgment unless they opt-out.  Because the Rule 23 opt-out procedure clearly conflicts with FLSA's opt-in procedure and Congressional intent, the FLSA claims preempt each of Plaintiffs' California class allegation claims (counts two through six).

In addition to the preemption concerns, Plaintiffs' Rule 23 class action cannot satisfy Rule 23(b)'s requirements.  Specifically, a class action must satisfy at least one of Rule 23(b)'s alternatives.  Plaintiffs allege that the class action is "superior" to other forms of adjudication.  However, as shown below, many courts have rejected the proposition that a class action is superior to a FLSA action.  In fact, where both a FLSA and a class action are brought over the same wage and hour claims, courts have held that  the FLSA claim undercuts all of the superiority factors of Rule 23(b).  Thus, Plaintiffs' class action claims cannot be certified as long as the FLSA claim remains, and, thus, their Complaint must be dismissed.

Third, Plaintiffs' claims for compensation related to preliminary activity is not actionable, and, thus, this cause of action should be dismissed and/or stricken. Plaintiffs allege that Acosta failed to compensate them for activity prior to traveling to the first retail site, including downloading the daily sites and planning routes.  Both federal and California case law have consistently held that precisely such preliminary activity is not compensable, because it is not integral to the employee's principal activity and because it is *de minimis*.  Plaintiffs' claims for preliminary activities are not actionable, and their cause of action (count one and two) should be dismissed and/or stricken.

Fourth, Plaintiffs' claim for compensation related to travel time to the first

DEFENDANTS' MOTION TO DISMISS COMPLAINT
CASE NO. CV 11-01796 GAF (OPx)

site and from the last site are not actionable, and their cause of action should be dismissed and/or stricken. Federal and California case law have consistently held that such travel is normal and incidental to employment, and is, thus, not compensable. Plaintiffs travel in their own car, plan their own routes and are in no way subjected to employer control which would necessitate compensation. Thus, Plaintiffs' claims for travel time to and from work are not actionable and their cause of action (count one and two) should be dismissed and/or stricken.

Lastly, Plaintiffs' prayer for punitive damages should be stricken. Plaintiffs have failed to plead any factual support of the malice necessary for punitive damages. Furthermore, case law has held that punitive damages are inapplicable to wage and hour situations, waiting time penalties, and section 17200 claims. In recognition of this, during the meet and confer process, Plaintiffs offered to stipulate to striking the punitive damages, but only without prejudice. Defendants request the Court strike the punitive damages **with prejudice**, as Plaintiffs have admitted that such damages are improper and there is no basis for them as a matter of law. This allegation should plainly have never been included in the Complaint.

Based on the foregoing, the Defendants respectfully request this Court dismiss and/or strike Plaintiffs' individual, class and collective allegations (i.e., dismiss the Complaint in its entirety), dismiss and/or strike Plaintiffs' claims for compensation related to preliminary activity, Plaintiffs' claims for compensation related to normal travel time from home to the first retail site and from the last retail site back home, and Plaintiffs' prayer for punitive damages[1].

## II. <u>LEGAL STANDARD</u>

To survive a motion to dismiss for failure to state a claim under Rule

---

[1] Plaintiffs' claims for failure to provide itemized wage statements, waiting time penalties and unfair business practices (fourth, fifth and sixth causes of action) rise and fall with Plaintiffs' first, second and third causes of action; since the first, second and third causes of action fail including for the reasons summarized above, the fourth, fifth and sixth causes of action also fail and must be dismissed.

-3-

SFCA_1809859.3

12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S.Ct. 1955 (2007). A complaint should be dismissed under Rule 12(b)(6) when it fails to allege a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). Plaintiffs must provide grounds of their entitlement to relief beyond mere labels and conclusions or formulaic recitation of the elements of the causes of action. *See Twombly*, 550 U.S. at 555-57; *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) ("[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." A complaint must do more than "plead [] facts that are 'merely consistent with' a defendant's liability," and, instead, plaintiff must set forth enough factual information to make it "plausible," not merely "possible," that the defendant is liable. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Also, Rule 12(f) authorizes a Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

## III.   SUMMARY OF ALLEGATIONS IN COMPLAINT

### A.   Factual Summary

Plaintiffs provide the following rudimentary background facts. Acosta employs "Merchandisers," which Plaintiffs define broadly as "Retail Coverage Merchandisers, "Retail Service Merchandisers" and the vague description of "equivalent positions." [Complaint, ¶ 12.] The Complaint alleges that "Merchandisers typically are assigned to visit multiple retail stores," where they record information on merchandise, ensure products are placed correctly and generally help maintain the products in order. [Complaint, ¶ 13.] Merchandisers are paid hourly. [Complaint, ¶ 14.]

Plaintiffs allege that Merchandisers must download information at the start of the day regarding daily work assignments. [Complaint, ¶ 15.] Using this

information, the Merchandisers plan their routes and schedules for the day.  [*Id.*] Plaintiffs allege that they are not paid for this downloading time or for the time traveling to their first assignment.  [*Id.*]  Plaintiffs also allege that they were not paid for time traveling from their last assignment home [Complaint, ¶ 40], or uploading the days' information [Complaint, ¶ 16].  Merchandisers use their own vehicles in traveling to, from and between retail sites.  [Complaint, ¶ 18.]  Finally, Plaintiffs allege that they were not reimbursed for various expenses including: mileage, internet access, scanners, fax machines, printer cartridges, paper, and cell phone service.  [Complaint, ¶ 18-20.]

Plaintiffs bring collective and class allegations.  Plaintiffs bring a collective action under FLSA with a proposed collective class of all Merchandisers and "equivalent positions" for Acosta within the last three years.  [Complaint, ¶ 21.] Plaintiffs also bring a class action under Federal Rule of Civil Procedure Rule 23, alleging California state law violations, with a class defined as all Merchandisers and "equivalent positions" for Acosta in California within the last four years. [Complaint, ¶ 23.]  While never describing their claims or the alleged class with any level of required specificity, Plaintiffs allege that the putative collective and class members are similarly situated without regard to period of employment, place of employment, or job titles and duties and responsibilities.  Plaintiffs allege, in conclusory fashion, that the class action is superior, because "the injury suffered by each member… is not of such magnitude as to make the prosecution of individual actions against Acosta economically feasible," and "[i]ndividualized litigation increases the delay and expense to all parties."  [Complaint, ¶ 28.]

## B.   Causes Of Action

Plaintiffs bring six causes of action: one claim under FLSA and the rest under California law.  Plaintiffs' first cause of action alleges that Acosta violated FLSA by failing to pay Merchandisers for all hours worked and by failing to keep accurate records of hours worked.  [Complaint, ¶ 34.]  Plaintiffs' second cause of

action alleges that Acosta violated the Cal. Labor Code §§ 510, 1194, and 1198 by failing to pay for all hours worked, including time uploading and downloading information before and after work, and time spent traveling to, among, and from retail sites.  [Complaint, ¶ 40.]  Plaintiffs' third cause of action alleges that Acosta violated the Cal. Labor Code § 2802 by failing to provide reimbursement to "obtain or maintain vehicles, high speed internet access, and cell phone services." [Complaint, ¶ 45.]  Plaintiffs' fourth cause of action alleges that Acosta violated the Cal. Labor Code § 226 by failing to provide accurate, itemized wage statements.  [Complaint, ¶ 48.]  Plaintiffs' fifth cause of action alleges that Acosta violated the Cal. Labor Code §§ 201, 202, and 203 by failing to timely pay compensation and wages to Merchandisers whose employment has terminated. [Complaint, § 54.]  Finally, Plaintiffs' sixth cause of action asserts a general Unlawful Business Practices violation under Cal. Business and Professions Code § 17200.  Plaintiffs allege that Acosta violated § 17200, by engaging in the unlawful practices enumerated in causes of action one through five.  [Complaint, ¶ 59.]

## IV.   DISCUSSION

### A.   Plaintiffs' Complaint Fails To Meet The Minimal Federal Pleading Standard Pursuant To Fed. R. Civ. P. 8(a)(2)

#### 1.   Plaintiffs' Vague and Conclusory Allegations Do Not Meet Iqbal/Twombly Pleading Requirements.

Plaintiffs' vague and conclusory allegations do not meet the pleading requirements of Fed. R. Civ. P. 8(a)(2) because they fail to set forth factual grounds showing Plaintiffs are entitled to relief.  A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).  Also, Rule 12(f) authorizes a Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).

To determine whether a pleading alleges "sufficient facts" a Court must look at Rule 8(a)(2) of the Federal Rules of Civil Procedure.  Under that Rule, a pleading must contain "a short and plain statement of claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2)(emphasis supplied.)  In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) the Supreme Court clarified this obligation by holding that a plaintiff is required to allege sufficient facts to raise a right to relief above the speculative level. The Court further held that a federal pleading must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ." *Id*. at 555. Rather, a pleading must allege "enough facts" to "nudge[] [the] claim[s] across the line from conceivable to probable." *Id*. at 570 (emphasis added).

In *Twombly*, the Supreme Court held on a motion to dismiss that a plaintiff seeking to allege an antitrust conspiracy must allege facts "plausibly suggesting [an] agreement." *Id*. at 556 (emphasis added).  In *Ashcroft v. Iqbal*, the Court then measured the reach of *Twombly* to determine if this "plausibility" standard applied outside the antitrust context. 129 S. Ct. 1937, 1953 (2009).  In confirming that *Twombly* does apply beyond the antitrust context, the *Iqbal* court held that "[o]ur decision in *Twombly* expounded the pleading standard for 'all civil actions. . .' *id*., and, in a ruling equally applicable here, affirmed that a complaint is insufficient if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 1949, quoting *Twombly*, 550 U.S. at 557; see also *Villegas v. J.P. Morgan Chase & Co*., No. C 09-00261, 2009 U.S. Dist. LEXIS 19265, at **7-8 (N.D. Cal. Mar. 9, 2009) ("The *Twombly* standard . . . is of general application and is as easily applied to wage and hour litigation."). The Court further held that Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and stated that "where [] well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1949-1950

As set forth more fully below, Plaintiffs' Complaint fails to rise to this minimal pleading standard and should be dismissed.

### B.   Plaintiffs' Complaint Should Be Dismissed, Or, In The Alternative, Should Be Stricken

#### 1.   Plaintiffs' Boilerplate Allegations Are Plainly Deficient

Plaintiffs have not pled sufficient facts to establish even a mere plausibility that their individual and/or statewide or nationwide class allegations would survive certification. *Twombly*, 550 U.S. at 554 ("plausible grounds" must be pled to elevate a pleading above the "speculative level"). Plaintiffs' collective and class allegations are thus fatally deficient and, in the event the Complaint is not dismissed entirely, should be stricken on that basis pursuant to FRCP 12(f). As the party seeking to bring class and collective actions, Plaintiffs will ultimately bear the burden of demonstrating that they are adequate representatives, including facts that would support a showing of adequacy under FRCP 23(a). *Zinser v. Accufix Research Institute*, 253 F.3d 1180, 1186 (9th Cir. 2001), amended by 273 F.3d 1266 (9th Cir. 2001). Rule 23(a) requires that Plaintiffs demonstrate sufficient numerosity, commonality, typicality, and adequacy of representation such that at the pleading stage, Plaintiffs must, at a bare minimum, provide a factual basis that raises their claim of a right to nationwide relief above the "speculative level." See *Twombly*, 550 U.S. at 554. Additionally, Plaintiffs allege in boilerplate fashion that they satisfy Rule 23(b)(1) and (2), without alleging any facts. Rather, Plaintiffs merely repeat the language of Rule 23(b). Such a blatant lack of any factual allegation does not rise to the *Iqbal/Twombly* standards of federal pleading.

Courts, including the Central District, have routinely stricken improper wage and hour class allegations where the pleadings do not rise up to *Iqbal/Twombly* standards. *See e.g., Harding v. Timer Warner, Inc. (Harding I),* No. 09 CV 1212, 2009 U.S. Dist. LEXIS 72851, at *10 (C.D. Cal. Aug. 18, 2009) (dismissing class wage and hour claims where the "allegations are too generic and conclusory to

satisfy the standard announced in *Twombly*");  *DeLeon v. Time Warner Cable LLC,* No 09-2438, 2009 U.S. Dist. LEXIS 74345, at **7-8 (C.D. Cal. July 17, 2009) (dismissing class wage and hour claims where plaintiff had not pled sufficient "factual content to allow the Court to make a reasonable inference that Defendants are liable for the claims alleged by plaintiff"); *see also Anderson v. Blockbuster Inc.,* No. 10 CV 00158, 2010 U.S. Dist. LEXIS 53854, at **8-9 (E.D. Cal. May 4, 2010) (dismissing class wage and hour claims and UCL claim where conclusory allegations and legal conclusions were insufficient to meet minimum pleading requirements); *Smith v. Pizza Hut, Inc.,* 694 F. Supp. 2d 1227, 1229-30 (D. Colo. 2010) (lack of specificity in wage and hour class claims warranted dismissal under Fed. R. Civ. P. 8); *Love v. First Mortg. Corp.,* No. 08-0CV-0060, 2009 U.S. Dist. LEXIS 116997, at *13 (C.D. Cal. Dec. 14, 2009) (dismissing class claims under the UCL for failing to satisfy the Rule 8 pleading standard); *Wright v. Gen. Mills, Inc.,* No. 08 CV 1532, 2009 U.S. Dist. LEXIS 90576, at **14-17 (S.D. Cal. Sep. 30, 2009) (same); *Willey v. J.P. Morgan Chase, N.A.,* No. 09-1397, 2009 U.S. Dist. LEXIS 57826, at ** 10-11 (S.D.N.Y. July 7, 2009) (dismissing class claims under the Fair Credit Reporting Act because plaintiff did not support his "formulaic recitations," did not describe any of the alleged wrongful banking practices, or explain how any of the banking practices at issue were wrongful).

The aforementioned cases are directly applicable to the situation at hand. Without specific facts demonstrating how Plaintiffs' boilerplate allegations actually apply to Defendants and Plaintiffs' employment with Defendants, there can be no determination that Plaintiffs or any class member could plausibly be entitled to relief from this Court.[2]  Therefore, the Complaint must be dismissed in its entirety.

---

[2] Defendants also contend that Plaintiffs' complaint does not describe the nature of each alleged violation with the required level of specificity, and thus the Complaint and each cause of action must be dismissed for this independent reason.  As just one example, Plaintiffs' allegations regarding alleged driving time are unclear as to when such alleged driving occurred and why it is compensable.

-9-

2.   <u>Plaintiffs Fail to Allege And Cannot Establish That They Could Be Adequate Class Representatives.</u>

Plaintiffs fail to provide any factual detail to demonstrate how they could adequately represent the allegedly common interests of all current and former Merchandisers "or equivalent positions" in California or nationwide, each with its own unique areas of operation and differing customer contracts.  In fact, Plaintiffs offer no facts whatsoever to support that there are common interests or that they would be an adequate or typical representative.  Rather, as in the rest of the Complaint, Plaintiffs merely set forth a blanket assertion that it is so.  This is not sufficient to pass muster under the federal pleading standard.

Plaintiffs cannot maintain that they are adequate class representatives for all Merchandisers ranging across the entire nation.  As alleged in Plaintiffs' Complaint, Merchandisers are not assigned to any particular office, but rather commute from home to multiple retail sites and then return home.  [Complaint, ¶¶ 13, 18.]  Plaintiffs fail to allege that they have knowledge of any other Merchandiser's work situation, and, indeed, the plausible inference from Plaintiffs' Complaint is that Plaintiffs have no contact with any other Merchandisers.

Plaintiffs can only – at absolute best – have personal knowledge as to their own activities.  Having failed to plead any facts to show they could possibly know about the circumstances of other employees beyond themselves, Plaintiffs certainly fail to show show how they could possibly represent the interests of other Merchandisers.  Every location is under different supervision, management, and practices, and every division maintains different schedules.  In fact, the inference from Plaintiffs' Complaint is that each *individual* Merchandiser maintains different routes, practices and schedules.  Plaintiffs allege that "at the start of each day… [Merchandisers] plan their routes and schedules for the day before they depart for their first retail store."  [Complaint, ¶ 15.]  Plaintiffs cannot, therefore, adequately represent the interests of this widespread amount of employees in numerous

positions across the nation. See *Goldsby v. Adecco, Inc*., No. C-07-5604, 2009 U.S. Dist. LEXIS 10799, at **8-15 (N.D. Cal. Feb. 4, 2009) (denying class certification and holding plaintiff could not adequately represent class members who worked at different office locations throughout California); *Brown v. Fed. Express Corp*., 249 F.R.D. 580, 586-87 (C.D. Cal. 2008) (rejecting class certification due to individualized inquiry necessary for each proposed class member's job duties and expectations at many different locations across California); *Lanzarone v. Guardsmark Holdings*, Inc., No. CV06-1136, 2006 U.S. Dist. LEXIS 95785, at *11 (C.D. Cal. Sep. 7, 2006) (rejecting class certification where plaintiff's only support for class claims was barren "practice and policy" assertion); *Garcia v. Sun Pac. Farm. Coop*., No. CV F 06-0871, 2008 U.S. Dist. LEXIS 111969, at **36-37 (E.D. Cal. May 14, 2008) (class certification denied because typicality requirement not met where plaintiff worked on one of employer's dozens of "crews," and her claims were merely typical of "some of the proposed class members but atypical of other of the proposed class members") (emphasis original); *Zhong v. August Corp.*, 2007 WL 2142371, at *4 (S.D.N.Y. July 23, 2007) (applying *Twomby* to dismiss FLSA collective action where plaintiff's failure to generally name similarly situated plaintiffs left no "factual basis from which the Court can determine whether similarly situated plaintiffs do exist.").  Although, these cases deal typically with class allegations at the certification stage, Plaintiffs' Complaint as so deficiently pled (and particularly given the heightened pleading standard that applies to even non-anti-trust cases since the 2009 *Iqbal* Supreme Court decision) cannot plausibly infer any certifiable factual conclusions.

3.  <u>Plaintiffs Fail to Allege And Cannot Establish That They Could Be Typical Class Representatives.</u>

Likewise, Plaintiffs cannot maintain that they are typical class representatives for all Merchandisers and "equivalent positions" ranging across the entire nation.  As alleged in Plaintiffs' Complaint, Merchandisers are not assigned

-11-

to any particular office, but rather commute from home to multiple retail sites per day and then return home.  [Complaint, ¶¶ 13, 18.]  Plaintiffs fail to allege that they have knowledge of any other Merchandiser's work situation, and, indeed, the plausible inference from Plaintiffs' Complaint is that Plaintiffs have no contact with any other Merchandisers.

Plaintiffs have also failed to allege that they have knowledge of the practices throughout the state and nation and the particular circumstances of any other office, location or individual Merchandiser.  *Campbell v. PricewaterhouseCoopers LLP*, 253 F.R.D. 586, 596 (E.D.Cal. 2008) (limiting class certification where "plaintiffs have virtually no knowledge of what associates in other divisions do"); *Perez v. Safety-Kleen Systems, Inc*., 253 F.RD. 508. 518-19 (N.D.Cal. 2008) (holding that plaintiff failed to establish typicality where plaintiff "presented no evidence as to whether other CSRs were similarly required to remain "on duty" throughout the workday"); *Goldsby v. Adecco, Inc*., No. C-07-5604, 2009 U.S. Dist. LEXIS 10799, at **8-15 (N.D.Cal. Feb. 4, 2009) (denying class certification and holding plaintiff could not adequately represent class members who worked at different office locations throughout California.)

Plaintiffs simply allege in conclusory fashion (without any factual support) that "[t]his uniform policy, in violation of FLSA, has been applied to all Merchandisers employed by Acosta throughout California and the United States." [Complaint, ¶ 35.]  Plaintiffs must offer facts to support these naked, speculative claims.  *See Acosta v. The Yale Club*, No. 94-CV-0888, 1995 WL 600873 (S.D.N.Y. Oct. 12, 1995) ("Simply stating that [a plaintiff] w[as] not paid for overtime work does not sufficiently allege a violation of Section 7 of FLSA."); *Lanzarone v. Guardsmark Holdings*, *Inc.*, supra, 2006 U.S. Dist. LEXIS 95785, at *11 (C.D. Cal. Sep. 7, 2006) (rejecting class certification where plaintiff's only support for class claims was barren "practice and policy" assertion).  Plaintiffs allege no facts to support any plausible inference that Acosta applied these

"policies" uniformly, or that all Merchandisers were subject to the same alleged policies.  By failing to provide any factual support for Plaintiffs' nationwide claims, Plaintiffs have failed to meet the threshold pleading standard of possessing "enough heft to show that the pleader is entitled to relief." *Twombly*, 127 S.Ct. at 1966.  Thus, the Complaint in its entirety must be dismissed.

### C. Plaintiffs' Rule 23 Class Allegations Are Procedurally Preempted by FLSA and Should Be Dismissed or Stricken.

#### 1. FLSA and Rule 23 Provide Two Conflicting Procedures.

Plaintiffs have brought a hybrid action under two mutually exclusive procedures: (1) the opt-in procedure of FLSA collective actions and (2) the opt-out procedures of a Rule 23 class action.  Plaintiffs bring the first count as an "opt-in collective action pursuant to 29 U.S.C. §216(b)."  [Complaint, ¶ 21.]  Plaintiffs define the "opt-in" class as:

> All individuals who are currently employed, or formerly employed, by Acosta as Merchandisers, or equivalent positions, in the United States within the last three years (the "FLSA Collection").  [*Id.*]

Plaintiffs then bring a variety of California state law claims as an opt-out class pursuant to Rule 23, defined as:

> All individuals who are currently employed, or formerly employed, by Acosta as Merchandisers, or equivalent positions, in California at any time during the four years prior to the commencement of this lawsuit through the date of class notice (the "California Class").
> [Complaint, ¶ 23.]

Clearly, the FLSA Collection contains all, or nearly all, of the state Class.

The FLSA provides a right of action to an employee when the employer fails to pay wages and allows the employee to bring a collective action on behalf of similarly situated employees.  29 USC §§ 203, 207, 216(b).  *See also Does v. Advanced Textile Corp.,* 214 F.3d 1058, 1064 (9th Cir. 2000).  Under § 216(b) potential plaintiffs must "opt in" to the suit by filing a written consent with the court.  An employee who does not file written consent is not bound by the outcome of the collective action and may bring a subsequent private action.  *See e.g,. EEOC*

-13-

1   *v. Pan Am. World Airways, Inc.,* 897 F.2d 1499, 1508 n.11 (9th Cir. 1990).

2        Federal Rules of Civil Procedure 23 provides an avenue to plaintiffs to bring

3   a class action of similarly situated employees.  However, Rule 23 requires that

4   nonparticipating class members *affirmatively opt out* of the suite.  FRCP

5   23(c)(1)(B).  In other words, a potential class member must take affirmative action

6   not to be bound by the judgment.

7                2.        FLSA's Opt-in Procedures Preempt Rule 23's Opt-out

8                          Procedures.

9        Congress enacted FLSA's "opt in" procedures in response to what it saw as

10  a deluge of FLSA representative actions.  See Portal-To-Portal Act of 1947, ch. 52,

11  61 Stat. 84 (codified as amended at 29 USC §§ 261-262 (2006)).  The Portal-To-

12  Portal Act ("PPA") amended § 216(b) by adding the following sentence: "No

13  employee shall be a party plaintiff to any such action unless he gives his consent in

14  writing to become such a party and such consent is filed in the court…"  "This

15  express opt-in provision accomplishes Congress's objectives by limiting collective

16  actions under the FLSA to employees who affirmatively consent to join the

17  lawsuit."  *Woodward v. FedEx Freight E., Inc.,* 250 F.R.D 178, 185 (M.D. Pa.

18  2008).  Allowing Plaintiffs in the current case to proceed with state law class

19  claims under a Rule 23 action would effectively thwart congressional intent.

20  Plaintiffs could bring unnamed parties through the "back door" of state statutes

21  substantially identical to the FLSA.  Every potential plaintiff who would have

22  preserved their claims by not "opting in" to the FLSA, will nevertheless be bound

23  by the judgment by not "opting out" under the state claims.

24        There are three "categories" of preemption: express, field and conflict.

25  *Indus. Truck Ass'n, Inc. v. Henry,* 125 F.3d 1305, 1309 (9th Cir. 1997).  We are

26  concerned here with conflict preemption.  Conflict preemption applies "where it is

27  impossible to comply with both state and federal requirements," or "where state

28  law stands as an obstacle to the accomplishment and execution of the full purposes

-14-

and objectives of Congress." *Id.* at 1309.  The "opt-in" procedures of FLSA and the "opt-out" procedures of state class claims conflict such that FLSA preempts the state claims.  *See e.g., DeAsencio v. Tyson Foods,* 342 F.3d 301 (3d Cir. 2003) (holding that the district court should not have exercised supplemental jurisdiction over parallel state wage and hour law claims).  Similarly, the Northern District has refused to certify a Rule 23 class based on FLSA claims. *Leuthold v. Destination America, Inc.,* 224 F.R.D. 462 (2004) ("the fact that plaintiffs' Rule 23 class is based on state law claims is problematic and raises a jurisdictional concern.") Other circuits have echoed this sentiment.  See *Otto v. Pocono Health System*, 457 F.Supp.2d 522 (M.D.Penn. 2006).  The Court in *Otto* concluded:

> It is clear that congress labored to create an opt-in scheme when it created Section 216(b) [of the FLSA] specifically to alleviate the fear that absent individuals would not have their rights litigated without their input or knowledge. To allow a Section 216(b) opt-in action to proceed accompanied by a Rule 23 opt-out state law class action claim would essentially nullify Congress's intent in crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s opt-in requirement.

Several other courts also support this framework.  *See e.g., Moeck v. Gray Supply Corp.*, 2006 WL 42368 at *5 (D.N.J.2006) (allowing plaintiffs "to circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA would undermine Congress's intent to limit these types of claims to collective actions"); *LaChappelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir.1975) (stating that Section 216(b) and Rule 23 are "mutually exclusive and irreconcilable"); *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 195 n.12 (4th Cir. 2007) ("[c]laims that are directly covered by FLSA (such as overtime and retaliation disputes) must be brought under the FLSA").  In fact the Central District held that "allowing both a § 216(b) collective action and a Rule 23 class action to proceed would frustrate the purpose of requiring plaintiffs to affirmatively opt-in to § 216(b) collective actions." *Edwards v. City of Long Beach,* 467 F.Supp.2d 986, 993 (C.D.Cal. 2006).

Indeed, Plaintiffs' state-law claims mirror the FLSA claims and effectively

-15-

1    engulf them.  Plaintiffs' FLSA cause of action alleges that "Acosta violated the

2    FLSA by failing to pay Merchandisers for all time worked, including overtime

3    pay."  [Complaint, ¶ 34.]  Tellingly, Plaintiffs' second cause of action alleges that

4    Acosta violated California's labor code by "failing to properly compensate

5    Merchandisers for all hours worked," and seeks recover for "straight time and

6    overtime."  [Complaint, ¶ 41, 42.]  Plaintiffs also allege that Acosta violated FLSA

7    by "failing to keep required, accurate records of all hours worked by its

8    Merchandisers."  [Complaint, ¶ 34.]  Plaintiffs' fourth cause of action under the

9    California Labor Code alleges the exact same thing, "Acosta has failed and

10   continues to fail to provide timely, accurate itemized wage statements."

11   [Complaint, ¶ 48.]  Plaintiffs' hybrid claims would force putative plaintiffs who

12   would otherwise be protected by Congress' opt-in procedures to opt-out in order to

13   preserve claims.  Individuals who had chosen not to prosecute their federal claims

14   would find themselves part of the state class prosecuting the exact same claims.

15   To allow this "would effectively allow a federal tail to wag what is in substance a

16   state dog."  *McClain v. Leona's Pizza, Inc.,* 222 F.R.D 574, 577 (N.D. Ill. 2004).

17   *See also Hasken v. City of Louisville,* 213 F.R.D. 280, 283-294 (W.D.Ky. 2003)

18   ("[W]hile Section 1367(a) allows parties to join their state claims to federal claims

19   where appropriate, it does not contemplate a plaintiff using supplemental

20   jurisdiction as a rake to drag as many members as possible into what would

21   otherwise be a federal collective action"); *Chase v. AIMCO Properties, L.P.,* 374

22   F.Supp.2d 196, 202 (D.D.C. 2005) (adjudicating both opt-in and opt-out classes in

23   one action would be "plainly at odds with Congress's intent to allow workers to

24   preserve FLSA claims by declining to opt in").

25           Thus, FLSA's opt-in procedure preempts any similar class claim under Rule

26   23.  Additionally, Plaintiffs do not even attempt to describe how their conflicting

27   procedures would be administered.  For these reasons, Plaintiffs' Complaint must

28   be dismissed and/or the class allegations (counts two through six) must be stricken.

-16-

3. <u>Plaintiffs' Class Allegations Do Not Survive Rule 23(b).</u>

Additionally, the Court may strike Plaintiffs' class allegations because they do not satisfy Rule 23(b)(3)'s superiority factors. In order to certify a class action, a Plaintiff must satisfy all of the factors set forth in Rule 23(a), as well as one of the alternatives under Rule 23(b). *Armstrong v. Davis,* 275 F.3d 849, 868 (9th Cir. 2001); *Walters v. Reno,* 145 F.3d 1032, 1045 (9th Cir. 1998). Plaintiffs allege that the "class action is superior to other available means for the fair and efficient adjudication of this dispute." [Complaint, ¶ 28.] However, the simple fact that Plaintiffs also bring a FLSA collective action belies this contention of superiority. Several courts have opined that when a plaintiff attempts to bring a hybrid class and collective action, the collective action is a clearly superior method of adjudicating the dispute and the class action should not be certified. In no uncertain terms, courts have held that "[m]aintaining the suit exclusively as a FLSA conditional class action is superior to certifying an additional state law class under Rule 23(b)(3)." *Leuthold v. Destination America, Inc.,* 224 F.R.D 462 (N.D.Cal. 2004) (denying certification of class action). *See also Edwards v. City of Long Beach,* 467 F.Supp.2d 986 (2000) ("the §216(b) collective action is a more appropriate vehicle [than the Rule 23 class action] to hear the state law claims of plaintiffs who are interested in pursuing such claims," citations omitted.)

These courts cite several reasons why the FLSA collective action is a superior method of adjudication. Under Rule 23(b)(3), the court must evaluate whether a class action is superior by examining four factors: (1) the interest of each class member in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against the class; (3) the desirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely to be encountered in the management of a class action. *Zinser v. Accufix Research Institute, Inc.,* 253 F.3d 1180, 1189 (9th Cir. 2001). Relevant to an examination of

-17-

these factors is a comparative evaluation of alternative methods of resolving the dispute. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1023 (9th Cir. 1998).

The FLSA collective action allows plaintiffs to control their participation in the litigation to a far greater degree, than the Rule 23 class actions. Under the opt-in procedures, only plaintiffs who truly wish to join in the suit and be bound by the suit's judgment will be included. Conversely, Rule 23's opt-out procedure will include any potential class member who fails to take affirmative action. These conflicting procedures will also lead to confusion when managing the class, as potential plaintiffs would have to both opt-in and opt-out of certain claims.

The conflict between FLSA and the state claims also presents jurisdictional concerns, because the state claims would not be present in the federal courts absent FLSA. Should only a few plaintiffs opt-in to the FLSA action, the "court might be faced with the somewhat peculiar situation of a large number of plaintiffs in the state law class who have chosen not to prosecute their federal claims." *Leuthold,* 224 F.R.D. at 470. The court might then need to decline supplemental jurisdiction under 28 USC § 1367(a), because the state claims would predominate over the federal claims. Many courts have declined to certify a Rule 23 class for these same jurisdictional concerns. *See Leuthold v. Destination America, Inc.,* 224 F.R.D 462 (N.D.Cal. 2004); *Edwards v. City of Long Beach,* 467 F.Supp.2d 986 (2000); *Hasken v. City of Louisville,* 213 F.R.D. 280, 283-284 (W.D.Ky.2003); *De Asencio v. Tyson Foods,* 342 F.3d 301, 311 (3d Cir. 2003); *McClain v. Leona's Pizzeria, Inc. ,* 222 F.R.D. 574, 577 (N.D.Ill. 2004); *Warner v. Orleans Home Buildings, Inc.,* 550 F.Supp.2d 583, 587 (E.D.Pa. 2008); *Chase v. AIMCO Properties, L.P.,* 374 F.Supp.2d 196, 202 (D.D.C. 2005).

4.    <u>Plaintiffs' Cited Cases Are Inapposite or Distinguishable</u>

While it is recognized that courts outside the Central District are split on the issue of FLSA pre-emption, the cases disfavoring preemption are distinguishable,

incomplete or otherwise do not specifically address the preemption issue.  In the meet and confer process, Plaintiffs cited to several cases, each of which is inapposite and/or inapplicable.

Plaintiffs cited to both *Clesceri v. Beach City Investigations & Protective Services, Inc.,* No CV-10-3873, 2011 WL 320998 (C.D. Cal. January 27, 2011) and *Murillo v. Pacific Gas & Elec. Co.,* 266 F.R.D. 468 (E.D.Cal. 2010). However, both of these cases dealt with cases that had already settled, and plaintiffs were seeking an unopposed motion for preliminary approval of settlement.  *Clesceri,* at *10; *Murillo*, 266 F.R.D. at 470, fn. 1.  *Clesceri* does not even attempt to address the conflict between FLSA and Rule 23 aside from mentioning in a footnote that courts are split.  *Clesceri,* at *3, fn. 3.  Likewise, *Murillo* does not address the practical matter that potential plaintiffs who choose not to opt-in under FLSA still have their claims released under the settlement agreement for Rule 23.  *Murillo* states in the notice of settlement that "Failure to send in either an Opt-In or Opt-Out form by the opt-in and opt-out deadlines will **bind the class member to the settlement of the Rule 23 state law claims**, but will not preclude the class member from pursuing future FLSA claims against defendant."  *Id.* at 478, emphasis added.  However, for all practical purposes, because the FLSA and Rule 23 claims allege the same action and same issues, the plaintiffs will have released their FLSA claims also[3].

Plaintiffs also cited to *Baas v. Dollar Tree Stores, Inc*., No. C 07-03108 JSW, 2007 WL 2462150 at *4 (N.D.Cal. Aug. 29, 2007), which held that "the better reasoned course is to dismiss class action claims grounded in state wage and hour laws in the context of a FLSA action by declining to exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367."  Citing to *Neary v. Metropolitan Property and Casualty Insurance Company*, 472 F.Supp.2d 247, 251

---

[3] These practical concerns also apply to *Ervin v. OS Restaurant Services, Inc.,* 632 F.3d 971, 973-974 (7th Cir. 2011) which held that there is no categorical rule prohibiting hybrid actions.

(D.Conn. 2007.)  However, the court declined to enter into any substantive discussion of the procedural preemption issue, and focused only on jurisdictional concerns.  Notably, Plaintiffs rely completely on out-of-circuit authority and cite to no Central District case that directly addresses the procedural preemption issue.

Lastly, Plaintiffs attempt to rely on *Wang v. Chinese Daily News, Inc.,* 623 F.3d 743 (2010).  However, Plaintiffs would like to read too much into *Wang*.  The case in *Wang* had already developed past certification, through summary judgment, through a 16-day jury trial, a bench trial and then finally a notice period.  *Id.* at 749-750.  The holding of the *Wang* court narrowly concluded that "[the] FLSA does not preempt a state-law § 17200 claim that "borrows" its substantive standard from FLSA."  *Id.* at 760.  *Wang*, however, did not discuss whether the opt-in procedural mechanism for FLSA collective actions preempted classes governed by Rule 23's opt-out procedures.  Nor did *Wang* discuss whether certification was proper under Rule 23(b)(3) superiority analysis.

Thus, Plaintiffs' state law class allegations are improper, and the Complaint should be dismissed, and/or minimally the state law class allegations stricken as preempted by FLSA and its procedural opt-in framework.[4]

**D.    Plaintiffs' Compensation Claim For Preliminary Activities Should Be Stricken As Unrelated To Principal Activity And *De Minimis*.**

Plaintiffs allege several times in their Complaint that Merchandisers are entitled to compensation for preliminary activities prior to their workday, however, the 9th Circuit Court has already held that precisely this preliminary time is not compensable in a case that is virtually identical.  Under both federal and California law, preliminary activities not integral to the employee's principal activity is not compensable.  29 CFR §§ 785.24, 785.25; *Mitchell v. Kin Packing Co.,* 350 US

---

[4] During the meet and confer process, Plaintiffs have not specified how they attempt to advance claims under both an opt-in and/or opt-out scheme, or if they will attempt to request a uniform approach.

-20-

DEFENDANTS' MOTION TO DISMISS COMPLAINT
CASE NO. CV 11-01796 GAF (OPx)

260, 263 (1956).  *See also IBP, Inc., v. Alvarez,* 546 US 21, 37 (2006) (any activity that is integral and indispensable to a principal activity is itself a principal activity under 29 USC 254(a)).  Under federal law employers are not required to compensate for "activities which are preliminary to or postliminary to said principal activity or activities."  29 USC § 254(a).  Additionally, "*de minimis*" time is not compensable.  Whether time is '*de minimis*' depends on the aggregate amount of time spent on activities, activity's regularity, and administrative difficulty of recording time.  *Balaris v. Wacker Siltronic Corp.,* 370 F.3d 901, 912 (9th Cir. 2004) (20-30 minutes changing in and out of uniform at employer's premises not *de minimis*).

The Ninth Circuit's decision in *Rutti v. LoJack Corp., Inc.,* 596 F.3d 1046 (9th Cir. 2010) is instructive, because nearly identical facts are alleged.  *Rutti* held that preliminary activities of "receiving, mapping, and prioritizing jobs and routes for assignment" are related to his commute and not integral and *de minimis*.  *Rutti,* 596 F.3d at 1057.  The *Rutti* case involved a class of technicians who worked at client sites and were paid on an hourly basis from the time period beginning when they arrived at their first job location and ending when they completed their final installation of the day.  Plaintiff sought compensation for the time he spent in the morning "receiving assignments for the day, mapping his routes to the assignments and prioritizing the jobs."  *Id.* at 1049.  The court held that the preliminary activities "are related to his commute… and to the extent that they are both distinct from his commute (which is not compensable) and related to his principal activities, appear to be *de minimis*, and thus, not compensable."  *Id.* at 1057-58.

Nearly the exact same facts are alleged in Plaintiffs' Complaint.  Plaintiffs specifically allege that Merchandisers have to "download information about their daily work assignments and responsibilities from Acosta at the start of each day… in order to plan their routes and schedules for the day before they depart for their first retail store"  [Complaint, ¶ 15.]   Plaintiffs' first and second cause of action

1    each seek recovery for the time spent downloading and planning the routes before

2    driving.  This is the exact situation in *Rutti*, where the court held that such

3    activities were related to the commute and also *de minimis*.  *Rutti*, 596 F.3d at

4    1057-58.  Thus, Plaintiffs' claimed time for downloading the daily routes and

5    assignments are also related to commute or are *de minimis* such that none of the

6    preliminary activities are compensable.   Plaintiffs' claim for compensation for

7    preliminary activities are not actionable, and thus the cause of action should be

8    dismissed and/or the allegations should be stricken.

9        **E.    Plaintiffs' Claim For Travel Time To And From Work Is Not**

10            **Compensable And Should Be Stricken.**

11       Plaintiffs claim compensation for time spent traveling to their first retail

12   assignments and for time returning home from the last assignment.  This time is

13   neither compensable under federal law or California law.  Plaintiffs allege that

14   "Merchandisers are not paid… for the time travelling to their first assignments."

15   [Complaint, ¶ 15.]  Plaintiffs allege in their second cause of action that Acosta

16   failed to compensate them for "time they spend traveling to, among, and from

17   retail sites."  [Complaint, ¶ 40.]

18       Under federal law, travel time between home and work is generally not

19   compensable.  29 USC § 251-262; 29 CFR § 785.35.  Under 29 USC § 254, the

20   statute defines as "activities not compensable," "walking, riding, or traveling to

21   and from the actual place of performance of the principal activity or activities

22   which such employee is employed to perform."  Federal statues go on to state that

23   whether an  employee works at a "fixed location" or "different job sites," "[a]n

24   employee who travels from home before his regular workday and returns to his

25   home at the end of the workday is engaged in ordinary home to work travel which

26   is a normal incident of employment" and is therefore, not compensable.  29 C.F.R.

27   § 785.35.  Thus, under federal law, travel to the first retail site and travel from the

28   last retail site is normal travel time incidental to employment.  Such time, as

DEFENDANTS' MOTION TO DISMISS COMPLAINT
CASE NO. CV 11-01796 GAF (OPx)

1  alleged by Plaintiffs, is not compensable.

2  　　　Likewise, under California law, travel time between home and work is

3  compensable only if employees are subject to the control of their employer.

4  *Morillion v. Royal Packing Co.,* 22 Cal.4th 575, 587 (2000); *Overton v. Walt*

5  *Disney Company,* 136 Cal.App.4th 263, 274 (2006); *Burnside v. Kiewit Pac. Corp,*

6  491 F.3d 1053, 1060-1061 (9th Cir. 2007).  In *Morillion*, the court noted that

7  because employees were required to use the employer's buses, they were

8  "foreclosed from numerous activities in which they might otherwise engage if they

9  were permitted to travel to the fields by **their own transportation**."  *Morillion,* 22

10  Cal.4th at 586, emphasis added.  Notably, the Court in *Morillion* specifically did

11  not require compensation for travel time from home to the bus location.  *Id.* at 588

12  ("the time plaintiffs spent commuting from home to the departure points and back

13  again is not [compensable].")  In *Overton*, the court held that even though plaintiffs

14  traveled on the employer's buses, the time was not compensable, because the

15  employees had the option to not use the employer's buses.  *Overton,* 136

16  Cal.App.4th at 265.  Plaintiffs' allegations in the instant case are a far-cry from the

17  control that *Morillion* envisioned.  In fact, Plaintiffs do not allege any kind of

18  control over their travel.  Plaintiffs do not allege that Acosta required them to take

19  employer-provided transportation.  In fact, Plaintiffs affirmatively allege that

20  "Merchandisers.. use their own vehicles to travel to their assigned retail stores each

21  day."  [Complaint, ¶ 18.]  The Complaint also alleges that Merchandisers plan out

22  their own routes.  [*Id.,* ¶ 15.]  California courts characterize an employer's control

23  as "determining when, where and how they are to travel."  *Morillion*, 22 Cal.4th at

24  588.  Plaintiffs do not allege that Acosta determines any of this, but rather that the

25  Plaintiffs themselves determine when to go to the retail sites, the order in which

26  retail sites are visited and the means of transportation to the retail sites.  Clearly,

27  Plaintiffs fail to allege the employer control necessary to make a claim under

28  California law for travel time to and from work.  As such, Plaintiffs' claims for

compensation related to normal travel commute are not actionable, and the cause of action should be dismissed and/or the allegations should be stricken.

### F.   Plaintiffs' Punitive Damages Are Unsupported By Law Or Fact.

Plaintiffs' prayer for punitive damages should be stricken.  California courts have held that punitive damages are not applicable in wage and hour claims.  "We are convinced, both by application of the "new right-exclusive remedy" doctrine and under more general principles that bar punitive damages awards absent breach of an obligation not arising from contract, *punitive damages are not recoverable when liability is premised solely on the employer's violation of the Labor Code statutes that regulate meal and rest breaks, pay stubs, and minimum wage laws*." *Brewer v. Premier Gold Properties,* 168 Cal.App.4th 1243, 1252 (2008).  The breach of an obligation arising out of an employment contract, even when the obligation is implied in law, permits contractual damages but does not support tort recoveries.  *Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 700 (1988).  Therefore, no punitive damages can arise from Plaintiffs' FLSA or California Labor Code allegations.  In any case, pleadings of punitive damages must be supported by specific facts of malice or oppression in order to justify exemplary damages under Civil Code § 3294.  California courts have interpreted section 3294 to allow exemplary damages only in the ***clearest of cases***.  *See, e.g., Henderson v. Security National Bank*, 72 Cal.App.3d 764, 771 (1977).  In fact, the Complaint's allegations are weak to even support Plaintiffs' FLSA, California Labor Code and 17200 claims, much less sufficient to support a finding, by clear and convincing evidence, of oppression, fraud, or malice by Acosta under section 3294.

Punitive damages are also inapplicable to Plaintiffs' fifth cause of action.  California courts have held that because Labor Code § 203 (Waiting Time Penalties) provides for the award of statutory penalties when an employer "willfully fails to pay" wages due upon termination, the Legislature's provision of such statutory penalties precludes an award of punitive damages.  *Czechowski v.*

-24-

1  *Tandy Corp.*, 731 F.Supp. 406, 410 (N.D.Cal.1990).  Thus, no punitive damages

2  can be plead under the Labor Code § 203.

3  　　　　Likewise, no punitive damages may be recovered under § 17200.  See *Korea*

4  *Supply Co. v. Lockheed Martin Corp.,* 29 Cal.4th 1134, 1148 (2003) ("While the

5  scope of conduct covered by the UCL is broad, its remedies are limited.  A UCL

6  action is equitable in nature; damages cannot be recovered.... We have stated that

7  under the UCL, '[p]revailing plaintiffs are generally limited to injunctive relief and

8  restitution.' ") (internal citations omitted); see also *Dozier v. Maispace*, No. C-05-

9  1761, 2007 WL 518622, 10 (N.D.Cal.2007) (holding that neither compensatory nor

10  punitive damages are recoverable under section 17200) (citing *Industrial Indemnity*

11  *Co. v. Santa Cruz County Superior Court*, 209 Cal.App.3d 1093, 1096 (1989)); see

12  also  *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 620

13  (N.D. Cal. 2007) (concluding that punitive damages are not available under section

14  203 or 17200).

15  　　　　Here, no punitive damages may be had by Plaintiffs.  Although in the meet

16  and confer process Plaintiffs have offered to stipulate to striking punitive damages

17  without prejudice, punitive damages should be stricken **with prejudice** because

18  there is no legal basis upon which punitive damages may be claimed.  Thus,

19  Plaintiffs' prayer for punitive damages should be stricken with prejudice.

20  **V.　　CONCLUSION**

21  　　　　Based on the foregoing, Defendants respectfully request this Court dismiss

22  Plaintiffs' complaint in its entirety, or, alternatively, to dismiss and/or strike

23  Plaintiffs' individual, collective and class allegations, dismiss and/or strike claims

24  for compensation related to preliminary activity, dismiss and/or strike claims for

25  compensation related to normal travel time from home to the first retail site and

26  from the last retail site back home, and strike Plaintiffs' punitive damages.

27

28

1  Dated:  May 9, 2011

**FOLEY & LARDNER LLP**
JOHN G. YSLAS
JEREMY C. WOODEN
NAN CHEN
KEVIN H. HYDE
SCOTT CALLEN

By:  /s/ John G. Yslas
JOHN G. YSLAS
Attorneys for Defendants ACOSTA
SALES, LLC and ACOSTA, INC.

-26-

SFCA_1809859.3