1 Eric H. Gibbs (SBN 178658)
ehg@girardgibbs.com
2 Philip B. Obbard (SBN 135372)
pbo@girardgibbs.com
3 Matthew B. George (SBN 239322)
mbg@girardgibbs.com
4 GIRARD GIBBS LLP
5 601 California Street, Suite 1400
San Francisco, California 94108
6 Telephone:  (415) 981-4800, Facsimile:  (415) 981-4846
7
8 Todd M. Schneider (SBN 158253)
tschneider@schneiderwallace.com
9 Joshua G. Konecky (SBN 182897)
jkonecky@schneiderwallace.com
10 Lisa M. Bowman (SBN 253843)
lbowman@schneiderwallace.com
11 SCHNEIDER WALLACE COTTRELL
12 BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
13 San Francisco, California 94104
14 Telephone: (415) 421-7100, Facsimile: (415) 421-7105
15
16 Attorneys for Individual and Representative
Plaintiffs Kevin Dwaine Mitchell and Natasha Lytle
17

18 **UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
19

| | |
|---|---|
| 20  KEVIN DWAINE MITCHELL and NATASHA LYTLE, on behalf of themselves and all others similarly situated, | Case No. 2:11-CV-01796 GAF (OPx) |
| 21 | **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE PLAINTIFFS' COMPLAINT** |
| 22              Plaintiffs, | |
| 23      v. | |
| 24  ACOSTA SALES, LLC, f/k/a ACOSTA SALES CO., INC. d/b/a ACOSTA SALES AND MARKETING COMPANY, A Delaware limited liability corporation, ACOSTA, INC., a Delaware corporation, and DOES 1-50. | Date:    June 13, 2011 |
| 25 | Time:    9:30 a.m. |
| 26 | Judge:   The Hon. Gary A. Feess, |
| 27              Defendants. | Place:   Courtroom:  740 |
| 28 | |

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................... 1

II.   SUMMARY OF COMPLAINT AND SUFFICIENCY OF
COLLECTIVE/CLASS ALLEGATIONS ..................................................... 1

III.  PLAINTIFFS' DETAILED ALLEGATIONS MEET THE RULE 8
PLEADINGS STANDARD .......................................................................... 4

  A.  Acosta's Exaggerated Recitation of the Rule 8 Pleading Standard ..................... 4

  B.  This District Has Denied Motions Such As This One Because They Are
Premature .......................................................................................................... 5

  C.  Plaintiffs' Allegations Are More Than Sufficient Because They Allege With
Precision The Factual And Legal Basis For The Claims. .............................. 5

    1.  First Cause of Action:  Compensation For All Hours Worked ....................... 5

    2.  Second Cause of Action: Failure to Reimburse Business Expenses Under
California Law ................................................................................................ 8

    3.  Third Cause of Action: Straight Time and Overtime Under  The California
Labor Code .................................................................................................... 9

    4.  Fourth, Fifth and Sixth Causes of Action: California Labor  Code Penalties
and UCL ....................................................................................................... 10

  D.  Acosta's Cases Are Inapposite Because The Complaint Is Not Boilerplate And
Does Not Assert Claims Requiring A Heightened Pleading Standard. .............. 10

IV.  PLAINTIFFS HAVE SUFFICIENTLY PLEADED CLASS ACTION
ELEMENTS ............................................................................................... 11

  A.  Acosta's Motion Fails to Meet the Rule 12(f) Standard ..................................... 11

  B.  Acosta's Motion is Premature ............................................................................ 11

  C.  Plaintiffs Have Sufficiently Pleaded Adequacy And Typicality ........................ 12

  D.  Acosta's Motion Improperly Raises Plaintiffs' Pleading Burden ..................... 13

  E.  The Proposed Class Is Adequately Defined ....................................................... 14

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

i

V.    PROSECUTING FLSA CLAIMS IN A COLLECTIVE PROCEEDING
      TOGETHER WITH SIMILAR CALIFORNIA CLAIMS IN A RULE 23
      CLASS ACTION FURTHERS JUDICIAL EFFICIENCY IN THE
      ENFORCEMENT OBJECTIVES OF THE LAWS ........................................... 15

   A.  Plaintiffs Properly Allege Claims Under Federal and California Law. .............. 15

   B.  The FLSA Does Not Preempt Rule 23. ............................................................. 16

   C.  The Court has Jurisdiction Over the FLSA and the State Law Claims .............. 18

   D.  A Rule 23 Class Is Superior to Piecemeal Adjudication of the California
       Claims. .............................................................................................................. 19

VI.   THIS COURT SHOULD NOT STRIKE PLAINTIFFS' CLAIMS FOR
      TRAVEL TIME ................................................................................................. 20

   A.  Plaintiffs' Travel Time Is Part Of The Continuous Workday ........................... 20

   B.  Plaintiffs' Travel Time is a Principal Activity ................................................. 23

   C.  Merchandisers' Travel Time to and from the First and Last Retail Stores is
       Compensable When it Exceeds Their Average Commutes ................................ 24

VII.  THE COURT SHOULD STRIKE THE PUNITIVE DAMAGE ALLEGATION
      WITHOUT PREJUDICE. ................................................................................. 25

VIII.    CONCLUSION ............................................................................................. 25

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

ii

# <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Acosta v. Yale Club of New York City,*
  No. 94-CIV-0888, 1995 WL 600873 (S.D.N.Y. Oct. 12, 1995 ................................13

*Anderson v. Blockbuster Inc.*
  No. 10-CV-00158, 2010 WL 1797249 (E. D. Cal. May 4, 2010) ......................10, 18

*Ashcroft v. Iqbal*,
  __ U.S. __, 129 S.Ct. 1937 (2009) ...............................................................................4

*Baas v. Dollar Tree Stores, Inc.*,
  No. C 07-03108, 2007 WL 2462150, (N.D. Cal. August 29, 2007)...........................12

*Beal v. Lifetouch Inc.*
  No. CIV 10-8454,  2011 WL 995884 (C.D. Cal.March 15, 2011)....................5, 9, 12

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) ......................................................................................................4

*Bibo v. Federal Exp., Inc.*,
  No. C 07-2505, 2009 WL 1068880 (N.D. Cal. April 21, 2009) .............................9, 23

*Bobo v. U.S.*,
  37 Fed.Cl. 690 (1997) .................................................................................................23

*Bourdreaux v. Banctec, Inc.*,
  366 F.Supp.2d 425 (E.D.  La. 2005) ..........................................................................22

*Brazil v. Dell, Inc.*,
  No. 07-01700, 2008 WL 4912050 (N.D. Cal. Nov. 14, 2008*) ..................................12

*Carter v. Anderson Merchandisers, LP,*
    No. EDCV 08-25-VAP, 2008 WL 4948489 (C.D. Cal. November 18,  2008)
    ……………………………………………………………………………………19

*Cervantez v. Celestica Corp.*,
    618 F.Supp.2d 1208 (C.D. Cal. 2009)…………….......................………… 9

*Clark v. State Farm Mut. Auto, Ins. Co.*,
    231 F.R.D. 405 (C.D. Cal. 2005)……………………………………………….5

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE PLAINTIFFS'
COMPLAINT
*Mitchell, et al., v. Acosta Sales, et al*, Case No. 2:11-CV-01796 GAF (OPx)

SCHNEIDER   WALLACE
COTTRELL  BRAYTON
KONECKY LLP

*Clesceri v. Beach City Investigations & Protective Services, Inc.*,
   No. CV-10-3873, 2011 WL 320998 (C.D. Cal. January 27, 2011)....................16

*Cortez v. Nebraska Beef, Inc.*,
   266 F.R.D. 275 (D. Neb. 2010)..................................................................17

*De Asencio v. Tyson Foods, Inc.*,
   342 F.3d 301 (3rd Cir. 2003)....................................................................18

*DeLeon v. Time Warner Cable LLC*,
   No. 09-2438, 2009 U.S. Dist. LEXIS 74345 (C. D. Cal. July 17, 2009)..............10

*Dooley v. Liberty Mutual Ins. Co.*,
   307 F.Supp.2d 234 (D.Mass.2004)...........................................................22

*Edwards v. City of Long Beach*,
   467 F.Supp.2d 986 (C.D. Cal. 2006)...........................................17, 19

*Ellison v. Autozone Inc.*,
   No. C06-07522, 2007 WL 2701923 (N.D.Cal. September 13, 2007)..................18

*Ervin V. OS Res. Services, Inc.*,
   632 F.3d 971 (7th Cir. 2011).....................................................................16

*Ferrell v. ConocoPhillips Pipe Line Co.*,
   No. 5:09-cv-00431 2010 WL 1946896 (C.D. Cal. May 12, 2010);.......................19

*Gilmer v. Alameda-Contra Costa Transit Dist.*, No. C 08-05186,
   2010 WL 289299 (N.D. Cal. January 15, 2010) ...........................................7

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998)...................................................................12

 *Harris* v. *Vector Marketing Corp.*
   753 F.Supp.2d 996 (N.D. Cal. 2010) ..............................................18, 19, 20

*Heffelfinger v. Electronic Data Systems Corp.*,
   No. CV 07-00101, 2008 WL 8128621 (C.D. Cal. January 7, 2008) ...................14

*Hibbs-Rines v. Seagate Technologies*,LLC,
   No. C 02-05430, 2009 WL 513496 (N.D. Cal. March 2, 2009) ........................12

iv

SCHNEIDER   WALLACE
COTTRELL   BRAYTON
KONECKY LLP

*IBP, Inc. v. Alvarez,*
  546 U.S. 21 (2011) ............................................................................21

*In re Monumental Life Ins. Co.,*
  365 F.3d 408 (5th Cir. 2004) .........................................................14

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.,*
  505 F. Supp. 2d 609 (N.D. Cal. 2007) .......................................11, 12

*Kamar v. Radio Shack Corp.,*
  254 F.R.D. 387 (C.D. Cal. 2008)……………………………….…………14

*Kisliuk v. ADT Security Services, Inc.,*
  263 F.R.D. 544 (C.D.Cal.2008) ......................................................5, 12

*Kuebel v. Black & Decker Inc.,*
  -- F.3d --, --, 10-2273-CV, 2011 WL 1677737 (2nd Cir.  May 1, 2011). ...................21

*LaChapelle v. Owens-Illinois, Inc.,*
  513 F.2d 286 (5th Cir. 1975) .........................................................18

*Lazar v. Trans Union LLC,*
  195 F.R.D. 665 (C.D. Cal. 2000). .....................................................11

*Lehman v. Legg Mason, Inc.,*
  532 F.Supp.2d 726, (M.D. Pa. 2007) ...............................................17

*Lerwill v. Inflight Motion Pictures, Inc.,*
  582 F.2d 507 (9th Cir. 1978)............................................................12

*Leuthold v. Destination America, Inc.,*
  224 F.R.D. 462 (N.D. Cal. 2004) .................................................17, 19

*Lindow v. U.S.,*
  738 F.2d 1057 (9th Cir. 1984)..........................................................6

*Lipsky v. Commonwealth United Corp.,*
  551 F.2d 887 (2nd Cir. 1976) .........................................................11

*Maciel v. City of Los Angeles,*
  569 F.Supp.2d 1038 (C.D. Cal. 2008)...............................................7

*Misra v. Decision One Mortg. Co., LLC,*
  673 F.Supp.2d 987 (C.D. Cal. 2008)............................................16, 17

*Murillo v. Pacific Gas & Elec. Co.,*
  266 F.R.D. 468 (E.D. Cal. 2010) .....................................................15

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE PLAINTIFFS' COMPLAINT
*Mitchell, et al., v. Acosta Sales, et al*, Case No. 2:11-01796 GAF (OPx)

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

*Newdow v. Lefevre,*
 598 F.3df 638 (9th Cir. 2010)………………………………………………4

*Osby v. Citigroup, Inc.,*
 No. 07-cv-06085, 2008 WL 2074102 (W.D. Mo. May 14, 2008)............................17

*Otto v. Pocono Health System,*
 457 F.Supp.2d 522 (M.D. Pa. 2006) ........................................................17

*RDF Media Ltd. v. Fox Broadcasting Co.*
 372 F. Supp.2d 556 (C.D. Cal. 2005)........................................................11

*Rodriguez v. California Highway Patrol*
 89 F.Supp.2d 1131 (N.D. Cal. 2000) ........................................................12

*Rutti v. Lojack Corp., Inc.,*
 596 F.3d 1046 (9th Cir. 2010)........................................................6, 7, 21

*Schein v. Canon U.S.A.,*
 Case No. CV 08-07323, 2009 WL 3109721 (C.D. Cal. Sept. 22, 2009)..................12

*Scheuer v. Rhodes,*
 416 U.S. 232 (1974) ........................................................4

*See Newdow v. Lefevre,*
 598 F.3d 638 (9th Cir. 2010)........................................................4

*Silverman v. Smithkline Beecham Corp.,*
 Nos. CV 06-7272 and CV 07-2601, 2007 WL 3072274
  (C.D. Cal. October 16, 2007) ........................................................17

*Smith v. Pizza Hut, Inc.,*
 694 F.Supp.2d 1227 (D.Colo. 2010) ........................................................10

*Thorpe v. Abbott Labs., Inc.,*
 534 F.Supp.2d 1120 (N.D. Cal. 2008) ........................................11, 12, 16, 17

*Velasquez v. HSBC Finance Corp.,*
 2009 WL 112919 (N.D. Cal. January 16, 2009) ........................................12

*Wang v. Chinese Daily News, Inc.,*
 623 F.3d 743 (9th Cir. 2010)........................................................16, 18, 19

*Williams v. City of Antioch,*
 No. C 08-02301, 2010 WL 3632197 (N.D. Cal. 2010)........................................14

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE PLAINTIFFS' COMPLAINT
*Mitchell, et al., v. Acosta Sales, et al,* Case No. 2:11-CV-01796 GAF (OPx)

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

*Wright v. General Mills, Inc.*, No. 08-CV-1532L (NLS) 2009 WL 3247148
  (S.D. Cal., Sept. 30, 2009) ........................................................................11

*Zhong v. August Corp.,*
  2007 WL 2142371 ....................................................................................14

**STATE CASES**

*Martinez v. Combs,*
  49 Cal.4th 35 (2010) ...................................................................................9

*Morillion v. Royal Packing Co.,*
  22 Cal.4th 575 (2000) ............................................................................9, 23

**FEDERAL STATUTES**

29 U.S.C. §§ 206(a)(1) & 207(a)(1) .........................................................6, 17

28 U.S.C. § 218(a). ..........................................................................................3

29 U.S.C. § 254(a)(1) ....................................................................................21

29 U.S.C. § 254(a)(1) ....................................................................................21

29 U.S.C. §§ 206(a)(1) & 207(a)(1) .........................................................6, 17

28 U.S.C. § 1332(d) ......................................................................................18

28 U.S.C. § 1367(C) ......................................................................................18

Fed.R.Civ.P.12(f) ...........................................................................................11

**CALIFORNIA STATUTES**

Cal. Labor Code § 2802 ...................................................................................8

**OTHER AUTHORITIES**

29 C.F.R. § 785.16 .........................................................................................21

29 C.F.R. § 785.35 .........................................................................................24

29 C.F.R. 785.24 ..............................................................................................6

29 C.F.R. § 785.16 .........................................................................................21

29 C.F.R. § 785.38 .........................................................................................21

SCHNEIDER   WALLACE
COTTRELL   BRAYTON
KONECKY LLP

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE PLAINTIFFS'
COMPLAINT
*Mitchell, et al., v. Acosta Sales, et al*, Case No. 2:11-CV-01796 GAF (OPx)

29 C.F.R. 785.24 ..................................................................................................6

29 C.F.R. 785.25 ..................................................................................................6

29 C.F.R. 785.25 ..................................................................................................6

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE PLAINTIFFS'
COMPLAINT
*Mitchell, et al., v. Acosta Sales, et al*, Case No. 2:11-CV-01796 GAF (OPx)

1

## I.     INTRODUCTION

2

The motion to dismiss and/or strike filed by Defendants ("Acosta") rests on the

3

extraordinary premise that there could not be anything whatsoever in Plaintiffs'

4

Complaint that would plausibly suggest that Acosta maintains standardized operational

5

policies that violate federal and California wage and hour laws.  An actual review of

6

the detailed Complaint demonstrates the folly of Acosta's premise.  Nonetheless,

7

Acosta improperly seeks to deprive Plaintiffs of a fair opportunity to conduct

8

discovery in order to prove their claims.  The Court should deny Acosta's attempt to

9

prevent a merits-based adjudication of this important case.

10

## II.     SUMMARY OF COMPLAINT AND SUFFICIENCY OF COLLECTIVE/CLASS ALLEGATIONS

11

12

Plaintiffs' Complaint contains detailed allegations that, if proven true, will

13

demonstrate that Acosta maintains uniform policies and operational practices regarding

14

the recording of compensable time and reimbursement of business expenses that

15

violate the Fair Labor Standards Act (FLSA) and California law.  Specifically,

16

Plaintiffs allege that Acosta denies its nonexempt merchandiser employees pay for

17

their time spent (1) downloading plan-o-grams, questionnaires, and other information

18

necessary to perform their assignments for the day, (2) downloading information

19

necessary to plan their routes and schedules for the day, (3) driving to their first

20

worksite after performing these mandatory tasks, (4) driving back home from their last

21

worksite of the day, and (5) uploading information after their drive home about the

22

shelving and inventory of products to Acosta's server.  Complaint at ¶¶ 15-16, 40.

23

Indeed, the Complaint specifies that the alleged non-payment of wages occur through

24

Acosta's "uniform and company-wide compensation policy" that "has been applied to

25

all Merchandisers employed by Acosta throughout California and the United States."

26

Complaint at ¶ 35.

27

28

1

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE PLAINTIFFS'
COMPLAINT
*Mitchell, et al., v. Acosta Sales, et al*, Case No. 2:11-CV-01796 GAF (OPx)

1    Acosta does not contend that it ever pays the merchandisers for this time.  Nor

2  does Acosta argue that such off-the-clock work, if performed regularly and for more

3  than trivial amounts of time, would violate applicable federal and state labor laws.  In

4  this regard, Plaintiffs specifically allege that the daily end-of-day, off-the-clock work

5  can take a half-hour or more, *id.* at ¶ 16, and Acosta does not dispute that Plaintiffs

6  have stated a claim for this time.  The Complaint also alleges facts sufficient to draw a

7  reasonable inference that the daily start-of-day, off-the-clock work occurs regularly

8  enough and long enough in the aggregate that it can be recorded and is not trivial. *Id.* at

9  ¶15; *see also id.* at ¶¶ 1, 13, 40.  To the extent Acosta's motion seeks dismissal of the

10  claims based on a "*de minimis*" defense, it is well established that whether such

11  activities take sufficient time in the aggregate to be compensable (as opposed to *de*

12  *minimis*) is a question of fact, not one for the pleadings.

13    The allegations of the Complaint also support three separate legal theories for

14  determining that the unpaid drive time is compensable, as explained more fully below.

15  Finally, Plaintiffs allege that Acosta fails to reimburse merchandisers for expenses

16  necessarily incurred in performing their work, setting forth the specific categories of

17  expenses (mileage, internet, printer cartridges, cell phone) and the specific shortfalls of

18  Acosta's mileage reimbursement policy. Complaint at ¶¶ 1, 18-20, 44-45.  Again,

19  Acosta does not, and cannot, deny that these allegations, if proven true, would result in

20  a class-wide violation of applicable law.

21    The Complaint states FLSA claims on behalf of a nationwide class of

22  merchandisers and State claims on behalf of the merchandisers in California. *Id.* at ¶¶

23  22-24.  Acosta contends that the Complaint should be dismissed because the named

24  plaintiffs do not, at the pleadings stage, demonstrate "personal knowledge" that the

25  alleged violations are occurring on a statewide or nationwide basis.  Acosta's "personal

26  knowledge" test is spun from whole cloth.  There is no rule requiring the named

27  plaintiffs themselves to personally observe (or allege that they have personally

28

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

1   observed) the same violations happening to all class members in order to pursue a class

2   or collective action.  To the contrary, the fact that an allegedly unlawful policy applies

3   on a class basis can be demonstrated—at the class certification stage—by a

4   combination of allegations and evidence extending beyond the "personal knowledge"

5   of the named plaintiffs themselves.  Such evidence typically includes company

6   documents, testimony from company witnesses, and testimony from other opt-in

7   plaintiffs. At the *pleadings* stage, it is more than sufficient that the Complaint alleges

8   the basic deficiencies of Acosta's compensation policies, and that the same policies

9   apply to merchandisers throughout the alleged federal and state classes. Complaint at ¶

10  35; *see also Id.* at ¶¶ 22-24.

11        Also misguided is Acosta's contention (again, at the pleadings stage) that

12  Plaintiffs' federal "opt-in" collective action claims cannot proceed, as a matter of law,

13  in the same action as their California state-law class action claims, even though the

14  claims arise from the very same alleged compensation policies.  First, the FLSA

15  statutory scheme contains a specific provision that encourages the enforcement of state

16  wage laws to compliment the enforcement of their federal counterpart. 28 U.S.C. §

17  218(a).  Second, the great weight of authority has rejected Acosta's preemption and

18  superiority arguments.  Indeed, the case law repeatedly recognizes that adjudicating the

19  FLSA and state law claims together in one proceeding is not only permissible, but also

20  judicially efficient and important for effectively enforcing the law.  Third, Acosta's

21  supplemental jurisdiction argument not only relies on a flawed analysis rejected by the

22  Ninth Circuit, but is entirely misplaced here because the Court has original jurisdiction

23  over the state law claims under the Class Action Fairness Act.

24        Even Acosta recognizes the wisdom, from the perspective of judicial efficiency,

25  of adjudicating both the federal and state claims in one proceeding:  In its motion to

26  stay, Acosta urges the Court to stay this litigation until it is combined or coordinated in

27  some fashion with *Torrez v. Acosta*—a case that asserts only state law opt-out claims

28

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

1  and is currently pending in Orange County Superior Court.  If Acosta truly believed
2  that FLSA opt-in claims were inconsistent with Rule 23 opt-out claims arising from the
3  same alleged policies, then it would have been content to allow this case to proceed
4  independently of the *Torrez* litigation.

5      Acosta's motion is simply an attempt to delay any serious or informed
6  adjudication of Plaintiffs' claims.  The motion should be denied so that the facts and
7  legality of Acosta's policies can be adjudicated on their merits.

8  **III.   <u>PLAINTIFFS' DETAILED ALLEGATIONS MEET THE RULE 8</u>**
9       **<u>PLEADINGS STANDARD</u>**

10          **A.  <u>Acosta's Exaggerated Recitation of the Rule 8 Pleading Standard</u>**

11      Contrary to Acosta's strained reading of *Bell Atlantic Corp. v. Twombly* and
12 *Ashcroft v. Iqbal*, Rule 8(a) of the Federal Rules of Civil Procedure requires "only a
13 short and plain statement of the claim showing the pleader is entitled to relief in order
14 to give the defendant fair notice of what the claim is and the grounds upon which it
15 rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations
16 omitted).  Although *Twombly* rejected the "no set of facts" standard from *Conley v.*
17 *Gibson,* 355 U.S. 41, 45-46 (1957), the Supreme Court did "not require heightened
18 facts pleading of specifics, but only enough facts to state a claim to relief that is
19 plausible on its face."  *Id.* at 570.  The test is not whether the plaintiff will "ultimately
20 prevail but whether the claimant is entitled to offer evidence to support the claims."
21 *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (cited in *Twombly*, 550 U.S. at 563, n.
22 8). "This plausibility standard is not akin to a 'probability requirement,' but asks for
23 more than a sheer possibility that a defendant acted unlawfully."  *Ashcroft v. Iqbal*, __
24 U.S. __, 129 S.Ct. 1937, 1949 (2009).  What's more, the Court still must presume that
25 all material allegations are true at this stage, and draw all reasonable inferences from
26 them in Plaintiffs' favor.  *See Newdow v. Lefevre*, 598 F.3d 638, 642 (9th Cir. 2010).

27
28

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE PLAINTIFFS'
COMPLAINT
*Mitchell, et al., v. Acosta Sales, et al*, Case No. 2:11-CV-01796 GAF (OPx)

B. **This District Has Denied Motions Such As This One Because They Are Premature.**

Courts in this District have rejected premature attempts to dismiss cases similar to this one. *See, e.g., Kisliuk v. ADT Security Services, Inc.,* 263 F.R.D. 544, 549 (C.D.Cal.2008) (holding that plaintiff-employee stated a claim for reimbursement of expenses by alleging that "Plaintiff and other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendant, *including and without limitation,* expenses and costs for guard cards, firearm permits and firearm certification . . . ." ); *Beal v. Lifetouch Inc.,* No. CV 10-8454, 2011 WL 995884, at *7 (C.D. Cal. March 15, 2011) (holding that motion to strike class claims was "premature" in case alleging failure to pay drive time and overtime, failure to provide accurate wage statements and failure to properly reimburse expenses) (citing *Clark v. State Farm Mut. Auto. Ins. Co.,* 231 F.R.D. 405, 407 (C.D. Cal. 2005). Just as the courts in *Beal* and *Kisliuk*, this Court should deny Acosta's unfounded and premature motion.

C. **Plaintiffs' Allegations Are More Than Sufficient Because They Allege With Precision The Factual And Legal Basis For The Claims.**

Acosta spends pages reciting the legal standard for a motion to dismiss, but then takes just two sentences actually addressing why *this particular Complaint* should be dismissed. Even then, as shown below, Acosta barely applies the legal standard to the actual allegations presented. (Def. Br. at 8:9-11; 9:21-24.)

1. **First Cause of Action:  Compensation For All Hours Worked.**

The Complaint alleges, in detail, the start-of-day, end-of-day, and drive time work that merchandisers perform without overtime compensation, including when the work is performed and the relationship these work activities have to the job. *Id.* at ¶¶

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE PLAINTIFFS' COMPLAINT
*Mitchell, et al., v. Acosta Sales, et al*, Case No. 2:11-CV-01796 GAF (OPx)

1, 13, 15-18, 35, 37, 40; *see also* Section II, *supra*.  These allegations of regular, unpaid and unrecorded work time at the start and end of the day—work activities that are a necessary part of the merchandisers' job, whether in Los Angeles or Atlanta— are more than sufficient to state a claim at the pleadings stage. 29 U.S.C. §§ 206(a)(1) & 207(a)(1).

Acosta does not even challenge the sufficiency of Plaintiffs' allegations regarding the end-of-day uncompensated activities.  With respect to the start-of-day off-the-clock work, time spent downloading and reviewing information and planning routes is compensable under the FLSA, because it is an integral and indispensable part of the principal activities for which the merchandisers are employed and is not merely preliminary to those activities. *See Rutti v. Lojack Corp., Inc.,* 596 F.3d 1046, 1055 (9th Cir. 2010).  The activities are integral and indispensable because they are necessary for merchandisers to fulfill Acosta's requirement that they travel to different stores to review and arrange merchandise each day.  Complaint at ¶ 13.  The daily downloading and planning is just as necessary for a merchandiser as daily cleaning a lathe is to a machinist or daily sharpening a knife is to a butcher.  29 C.F.R. §§ 785.24, 785.25.  It also is compensable "work" because it requires the time and attention of the merchandisers, even if they are still in their homes while doing it.  An employer simply cannot require its employees to spend measurable time every day assisting in the planning and organization of the work of the business, and then refuse to recognize the employees' regularly incurred time in fulfilling this function.

Acosta is required to pay for all time worked unless the time is "*de minimis*," and that exception applies only when the time "is so miniscule that it cannot, as an administrative matter, be recorded for payroll purposes." *Lindow v. U.S.,* 738 F.2d 1057, 1062-63 (9th Cir. 1984).  Whether work time is *de minimis* is a question of fact and thus not appropriately resolved at the pleadings stage. *Id.* In applying the exception, courts consider (1) the practical administrative difficulty of recording the

1  additional time; (2) the aggregate amount of compensable time; and (3) the regularity

2  of the additional work. *Rutti*, 596 F.3d at 1057.

3       Plaintiffs' Complaint alleges that the uncompensated work time spent by

4  merchandisers each morning is not *de minimis* given the regularity of the work (i.e.

5  daily) and the aggregate amount of compensable time that can be reasonably inferred

6  by the allegations. *Gilmer v. Alameda-Contra Costa Transit Dist.,* No. C 08-05186,

7  2010 WL 289299 at * 9-10 (N.D. Cal. January 15, 2010) (average of one minute and

8  forty seconds of time worked per day not necessarily *de minimis*); *Maciel v. City of*

9  *Los Angeles*, 569 F.Supp.2d 1038, 1051-1053 (C.D. Cal. 2008) (average of five

10  minutes per shift would not be *de minimis*).  In addition, Acosta could readily keep

11  track of the time because Acosta's servers presumably do, or can, record when each

12  employee started and completed their daily downloads and uploads.

13       The Ninth Circuit's decision in *Rutti* supports Plaintiffs' allegations regarding

14  unpaid time at the start of the workday.  In *Rutti*, the Ninth Circuit found, after

15  examining the evidence, that time spent uploading in the evenings was potentially

16  compensable under the FLSA because it was required by the employer, regularly took

17  5-10 minutes a day, and added up to an hour a week. *Rutti*, 596 F.3d at 1058-59.

18  While Acosta suggests that the unpaid morning work alleged in this case is similar to

19  the preliminary morning activities described in *Rutti*, the activities have little in

20  common other than their temporal location in the day.  (Def. Br. at 21:11-22:4.)

21  Moreover, *Rutti* was decided at summary judgment, not a motion to dismiss or strike.

22  At the very least, the compensability of the merchandisers' time should be decided on

23  a full factual record.

24       Finally, Plaintiffs do not seek reimbursement for normal "commute time" under

25  the FLSA.   Rather, as explained in more detail below, Plaintiffs seek compensation

26  for non-commute drive time under three independent and alternative legal theories.

27  First, under the continuous workday rule, all the drive time is compensable if

28

7

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

Plaintiffs prove their allegations that they are performing compensable activities before and after their drives between home and their first store, and between their last store and home. *See* Section VI.A *infra*.  Second—and aside from the continuous workday rule—driving is an integral and indispensable part of the merchandisers' jobs, rendering it compensable. *See* Section VI.B.  Third, class members repeatedly have to drive to retail sites that are beyond their standard commutes, which converts regular commute time to compensable travel time under applicable law. *See* Section VI.C.  Thus, Plaintiffs' allegations support the compensability of their travel time under three distinct legal theories and Defendants' motion should be denied on this issue as well.[1]

### 2.  Second Cause of Action: Failure to Reimburse Business Expenses Under California Law

Acosta need only read Plaintiffs' Complaint to discern the basis for this claim. That is, under California Labor Code section 2802(a), an employer is required to reimburse all expenses "incurred by the employee in direct consequence of the discharge of his or her duties."  Cal. Labor Code § 2802.  Here, Plaintiffs assert that "Acosta requires Merchandisers to use personal equipment and services for the discharge of their employment duties, but does not have a policy or practice of reimbursing its employees for their work related expenditures." Complaint at ¶ 20. The complaint does not stop there but then lists four *specific* categories for which Merchandisers are not reimbursed:  (1) internet access required to download and upload information daily; (2) scanners and/or fax machines to transmit and receive

---

[1]    To the extent Acosta is seeking dismissal of the travel time allegations under Rule 12(b)(6), the motion is also improper because it only addresses one aspect of the overtime claim and, even if granted, would not resolve the whole claim in any event. To the extent Acosta is seeking to strike the travel time allegations, its motion fails for the additional reason that it has not met the Rule 12(f) standard of demonstrating that the allegation is "redundant, immaterial, impertinent, or scandalous."

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

1   hard-copy documents; (3) printer cartridges and paper to print "plan-o-grams" and

2   other documents; and (4) cell phone services required so that Merchandisers can call

3   their supervisors. *Id.* Moreover, with respect to travel expenses, Plaintiffs specifically

4   allege both *a policy of failing to reimburse* and also the *specific monetary amounts per*

5   *mile* of Acosta's policy. *Id.* at ¶ 19. This is well in line with pleadings that numerous

6   courts, including those in the Central District, have deemed sufficient to survive a

7   motion to strike or dismiss in the wake of *Iqubal* and *Twombly*. *See, e.g., Beal,* 2011

8   WL 995884, at *7; *Kisliuk,* 263 F.R.D. at 549. Thus, there is no basis to dismiss

9   Plaintiffs' Second Cause of Action.

### 3.  Third Cause of Action: Straight Time and Overtime Under The California Labor Code

12   The same alleged policies that state a claim for the violation of FLSA under the

13   First Cause of Action, also support a claim for the denial of straight and overtime

14   wages under California law.  In fact, California law is more protective of employees

15   than its federal counterpart. *See Morillion v. Royal Packing Co.,* 22 Cal.4th 575, 592

16   (2000) ("state law may provide employees greater protection than the FLSA."); *see*

17   *also Bibo v. Federal Exp., Inc.*, No. C 07-2505, 2009 WL 1068880 at *4 (N.D. Cal.

18   April 21, 2009) ("courts considering claims under California state law should

19   expressly disregard federal law under the Fair Labor Standards Act, and look to the

20   issue of control").  And, in the event of ambiguity, California's Labor Code is to be

21   "liberally construed with an eye to promoting" the protection of employees. *Martinez*

22   *v. Combs,* 49 Cal.4th 35, 61 (2010).

23   Plaintiffs' claims are analogous in concept to those in *Cervantez v. Celestica*

24   *Corp.*, 618 F.Supp.2d 1208, 1215-1216 (C.D. Cal. 2009), where employees were

25   required to pass through security and then wait before their shift began, except in this

26   case the Acosta merchandisers were required to start the downloading, wait until it

27   was complete, and organize their daily schedules before "clocking in" upon arrival at

28

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

1  their first job.  Merchandisers do not have a choice whether to participate in Acosta's

2  required morning activities.

3  **4. Fourth, Fifth and Sixth Causes of Action: California Labor**

4  **Code Penalties and UCL**

5  Acosta implicitly concedes that Plaintiffs' claims for failure to provide itemized

6  wage statements, waiting time penalties and unfair business practices are sufficiently

7  pleaded so long as one or more of the three underlying claims satisfy Rule 8(a).  (Def.

8  Br. at 3:26-28, n.1.)  Because Plaintiffs plead these underlying claims sufficiently, and

9  because their allegations for the Fourth, Fifth and Sixth Causes of Action state claims

10  in their own right, there is no basis to dismiss them.

11  **D. <u>Acosta's Cases Are Inapposite Because The Complaint Is Not</u>**

12  **<u>Boilerplate And Does Not Assert Claims Requiring A Heightened</u>**

13  **<u>Pleading Standard.</u>**

14  Acosta cites both *DeLeon v. Time Warner Cable LLC,* No. 09-2438, 2009 U.S.

15  Dist. LEXIS 74345 (C. D. Cal. July 17, 2009), and *Anderson v. Blockbuster Inc.* No.

16  10-CV-00158, 2010 WL 1797249, (E. D. Cal. May 4, 2010), but the complaints in

17  those cases appear to be nearly identical pleadings, filed by the same law firm, and fail

18  to contain any specific allegations related to the particular defendant in each suit. As

19  the Court stated in *Anderson*, "Plaintiff only recites the law before making a legal

20  conclusion referencing Defendant." *Anderson v. Blockbuster Inc.*, 2010 WL 1797249,

21  at * 2. Similarly, in *Smith v. Pizza Hut, Inc.*, 694 F.Supp.2d 1227 (D. Colo. 2010),

22  plaintiffs pleaded only conclusory allegations. In contrast, Plaintiffs here have filed a

23  detailed complaint alleging (1) specific policies that form the basis of their claims, (2)

24  that these particular policies are uniform throughout Acosta's operations, and (3) that

25  the policies apply to merchandisers in California and nationwide.  Complaint at ¶¶ 15-

26  20; 35; Discussion *supra,* at Section II.  Moreover, despite Acosta's attempt to portray

27  the law otherwise, there is no heightened pleading standard in play in this case.

28

Acosta's citation to *Wright v. General Mills, Inc.*, No. 08-CV-1532L (NLS) 2009 WL 3247148 (S.D. Cal., Sept. 30, 2009), which dealt with claims analogous to fraud and contained other unique facts, is thus unavailing.

## IV.   PLAINTIFFS HAVE SUFFICIENTLY PLEADED CLASS ACTION ELEMENTS

### A.   Acosta's Motion Fails to Meet the Rule 12(f) Standard.

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to strike matter that is "redundant, immaterial, impertinent, or scandalous." Fed.R.Civ.P.12(f). However, motions to strike are disfavored and granted infrequently because they often are used to delay matters. *In re Wal-Mart Stores, Inc. Wage & Hour Litig.,* 505 F. Supp. 2d 609, 618 (N.D. Cal. 2007); *RDF Media Ltd. v. Fox Broadcasting Co.* 372 F. Supp.2d 556, 566 (C.D. Cal. 2005). In fact, such motions should be denied "unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky v. Commonwealth United Corp.,* 551 F.2d 887, 893 (2nd Cir. 1976).  As with a motion to dismiss, courts must construe the pleading under attack in a light more favorable to the pleader. *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000).  Acosta fails to explain why the language it seeks to strike is "redundant, immaterial, impertinent, or scandalous," as Rule 12(f) requires.  Instead, Acosta uses the motion to try to eradicate Plaintiffs' class claims before any discovery or evidence of their legal merit.  This is an inappropriate use of a motion to strike.

### B.   Acosta's Motion is Premature.

Courts generally frown upon a defendant's attempts to eliminate class claims before the start of discovery.  *In Re Wal-Mart,* 505 F.Supp.2d at 615.   Motions such as Acosta's here "are disfavored because a motion for class certification is a more appropriate vehicle for the arguments [regarding class certification]." *Thorpe v. Abbott Labs., Inc.,* 534 F.Supp.2d 1120, 1125 (N.D. Cal. 2008).  Thus, courts generally consider class allegations at a later stage of the proceedings after discovery and the

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

1   plaintiffs' motion for class certification.  *In re Wal-Mart*, 505 F.Supp.2d at 615.[2]

2   Acosta has not and cannot meet its heavy burden to prove why this is one of those rare

3   cases where dismissal of class claims is appropriate before Plaintiffs have an

4   opportunity to conduct discovery and bring their motion for class certification.

5   C. **Plaintiffs Have Sufficiently Pleaded Adequacy And Typicality.**

6   The Complaint explicitly alleges that the specific policies at issue are "uniform

7   and company-wide" and that they are "applied to all Merchandisers employed by

8   Acosta throughout California and the United States."  Complaint at ¶ 35.  Acosta does

9   not deny the plausibility of this allegation.  Yet, Acosta contends that plaintiffs, who

10   allege that they have confronted these same policies and thereby have sustained the

11   same or similar injury as the putative class, Complaint at ¶¶ 15-20, 35, 38, are not

12   typical or adequate as a matter of law.  This is nonsense.  These allegations meet the

13   standards for typicality and adequacy. *See Lerwill v. Inflight Motion Pictures, Inc.*,

14   582 F.2d 507, 512 (9th Cir. 1978); *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020

15   (9th Cir. 1998).[3]

16

17   ───────────────

[2]   *See also Kisliuk*, 263 F.R.D. at 549; *Beal*, 2011 WL 995884, at *7; *Schein v.*
18   *Canon U.S.A.*, Case No. CV 08-07323, 2009 WL 3109721, at *7 (C.D. Cal. Sept. 22,
19   2009); *Velasquez v. HSBC Finance Corp.*, 2009 WL 112919, at *4 (N.D. Cal. January
20   16, 2009); *Baas v. Dollar Tree Stores, Inc.*, No. C 07-03108, 2007 WL 2462150, at *2-
3 (N.D. Cal. August 29, 2007); *Hibbs-Rines v. Seagate Technologies*, LLC, No. C 02-
21   05430, 2009 WL 513496, at *3-*5 (N.D. Cal. March 2, 2009); *Brazil v. Dell, Inc.*, No.
07-01700, 2008 WL 4912050, at *2-*4 (N.D. Cal. Nov. 14, 2008*); Thorpe*, 534
22   F.Supp.2d at 1125-26.

23   [3] Even if Plaintiffs did have issues that were different from class members, a
24   motion to strike would not be the proper forum to address this. *See, eg.*, *Rodriguez v.
California Highway Patrol* (N.D. Cal. 2000) 89 F.Supp.2d 1131, 1143 ("To the extent
25   that [plaintiffs] raise different issues than those raised by the purported class, the
26   appropriateness of any or all of them serving as a class representative will be tested in
the context of a motion for certification of the class. Accordingly, the Court declines to
27   strike the class action allegations at this stage of the proceedings.")

28

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE PLAINTIFFS'
COMPLAINT
*Mitchell, et al., v. Acosta Sales, et al*, Case No. 2:11-CV-01796 GAF (OPx)

### D. **Acosta's Motion Improperly Raises Plaintiffs' Pleading Burden.**

Acosta admits that its typicality and adequacy argument relies on cases that "deal typically with class allegations at the certification stage." (Def. Br. at 11:1-19.) Acosta does not cite any authority showing that Plaintiffs' allegations here are insufficient under Rule 8.

Acosta also concocts a "personal knowledge" standard that Plaintiffs would not even have to meet at the class certification stage. In essence, Acosta argues that Plaintiffs cannot possibly be typical or adequate because they are not personally traveling with or personally observing all the other class members on a daily basis. Yet, Acosta does not cite a single case for the proposition that a plaintiff has to personally observe what each and every class member does each day in order to represent the class. To the contrary, after discovery, Plaintiffs may support their class claims by documents, manager deposition testimony and anecdotal evidence from other class members that show typicality, adequacy and commonality, even assuming the named plaintiffs do not themselves have "personal knowledge" of all the events at other locations. Under Defendants' version of the law, there could never be a class action involving class members who work in different sites, no matter how common, centralized or uniform the policies are that apply to those sites, unless the named plaintiffs personally visit each and every site before filing suit. This is simply false.[4]

Acosta cites just two pleadings-phase cases, for the proposition that Plaintiffs have not alleged adequacy or typicality here. Both are distinguishable from this case. *Acosta v. Yale Club of New York City.* No. 94-CIV-0888, 1995 WL 600873 (S.D.N.Y. Oct. 12, 1995), is not even a class or collective action. In *Yale Club of New York City*, plaintiffs' individual claims were dismissed because they did not "offer any examples

---

[4]     Acosta's position also conflicts with its own Motion to Stay which states that other plaintiffs have made "identical" allegations in cases that Acosta is seeking to consolidate with this one. Def. Mot. to Stay at pp. 2, 4.

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

1    of situations when management employed them for more than 40 hours in a week

2    without paying them overtime." *Id.* at *4.  Unlike that case, Plaintiffs here specifically

3    allege that they worked overtime servicing their stores and then uploading and

4    downloading the information integral to their jobs while at home, daily. In *Zhong v.*

5    *August Corp.,* 2007 WL 2142371 at * 4, the Court found that failing to allege any

6    common policy and merely identifying workers as  "others" did not sufficiently

7    describe those whom Plaintiff sought to represent. Nevertheless, the Court allowed

8    plaintiffs leave to amend and determined their FLSA minimum-wage pleadings were

9    sufficient.  In contrast here, Plaintiffs specifically identify putative class members as

10   "merchandisers," allege common, uniform policies regarding compensable time and

11   expense reimbursement that apply to all such merchandisers, describe these workers'

12   duties with specificity, and explain that they also are merchandisers who experience

13   the same harm and do not have any conflicts with the class. Complaint at ¶¶ 9, 13, 15-

14   20, 26-27, 35, 38.  Plaintiffs are entitled to move past the pleadings and begin

15   discovery in order to adjudicate the legality of these common policies.

### E.   The Proposed Class Is Adequately Defined.

16

17        Plaintiffs have adequately defined the class objectively to include merchandisers

18   or their equivalents.  Complaint at ¶ 21.  Moreover, Acosta has not yet produced any

19   discovery regarding the formal job titles, job codes, and job descriptions used for

20   merchandisers within the class period.  If, after production of this discovery, a more

21   refined class becomes appropriate appropriate, it can be proposed and considered

22   during the motion for class certification. *In re Monumental Life Ins. Co.,* 365 F.3d

23   408, 414 fn 7 (5th Cir. 2004); *Williams v. City of Antioch,* No. C 08-02301, 2010 WL

24   3632197 at *7 (N.D. Cal. 2010); *Kamar v. Radio Shack Corp.*, 254 F.R.D. 387, 391 fn

25   2 (C.D. Cal. 2008); *Heffelfinger v. Electronic Data Systems Corp.*, No. CV 07-00101,

26   2008 WL 8128621 at *10-11 (C.D. Cal. January 7, 2008).  In contrast, the precise

27

28

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

1  definition of the class to be certified is not properly before the Court on a motion to

2  dismiss.

3  **V.      PROSECUTING FLSA CLAIMS IN A COLLECTIVE PROCEEDING**

4  **TOGETHER WITH SIMILAR CALIFORNIA CLAIMS IN A RULE 23**

5  **CLASS ACTION FURTHERS JUDICIAL EFFICIENCY IN THE**

6  **ENFORCEMENT OBJECTIVES OF THE LAWS.**

7  **A. Plaintiffs Properly Allege Claims Under Federal and California Law.**

8  Acosta both admits and asserts that the state and federal claims here are closely

9  related. (Def. Br. at 15:28-16:14.) As discussed below, the Ninth Circuit and the

10  overwhelming weight of authority in the federal courts have recognized that it is both

11  appropriate and efficient to allow claims based on the FLSA opt-in provisions to

12  proceed in the same case as similar Rule 23 class claims alleging similar violations of

13  state wage and hour law. Indeed, plaintiffs in the Ninth Circuit routinely utilize both

14  procedures in combination actions because they prevent wasteful and inefficient

15  litigation and eliminate the risk of inconsistent results. *Murillo v. Pacific Gas & Elec.*

16  *Co.*, 266 F.R.D. 468, 472-473 (E.D. Cal. 2010). Acosta's arguments for separating

17  this case into multiple cases discard the weight of authority and the practical

18  considerations for such closely related claims.

19  The desirability of litigating FLSA and state law claims in a single action is

20  apparent in Acosta's statements and arguments in its motion to stay, where it asserts

21  that the Court should consolidate *Torrez*, which alleges only state claims and was filed

22  in state court, with the combination cases now pending in federal court. If Acosta

23  truly thought that FLSA and state law claims should be litigated in separate actions

24  then it would be asserting that *Torrez* should proceed separately in Orange County

25  Superior Court. The obvious inefficiency of that course of action demonstrates the

26  wisdom of resolving both types of claims in a single action.

27  ///

28

15

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE PLAINTIFFS'
COMPLAINT
*Mitchell, et al., v. Acosta Sales, et al*, Case No. 2:11-CV-01796 GAF (OPx)

## B. **The FLSA Does Not Preempt Rule 23.**

Acosta asserts conflict preemption and must therefore demonstrate that either "it is impossible to comply with both federal and state requirements," or that the prosecution of the state claims under Rule 23 will "stand[] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Wang v. Chinese Daily News, Inc.,* 623 F.3d 743, 760 (9th Cir. 2010).  (Def. Br. at 14:24-15:1.)

Far from "impossible," combination lawsuits proceed with regularity.  In *Misra v. Decision One Mortg. Co., LLC*, 673 F.Supp.2d 987 (C.D. Cal. 2008), for example, the Court denied a motion to strike Rule 23 class allegations, noting "numerous district court opinions in the Ninth Circuit have permitted FLSA claims and state law claims to proceed in the same action."  *Id.* at 994; *see also Clesceri v. Beach City Investigations & Protective Services, Inc.*, No. CV-10-3873, 2011 WL 320998 at *3 fn 3 (C.D. Cal. January 27, 2011) (collecting cases); *Thorpe*, 534 F.Supp.2d at 1125 (same); *Baas*, 2007 WL 2462150 at *4 (same).  The sheer number of combination lawsuits demonstrates they are not a procedural impossibility.

The prosecution of state claims under Rule 23 likewise does not interfere with the "objectives of Congress."  The only Circuit Court to address this issue directly, concluded that "there is no categorical rule against certifying a Rule 23(b)(3) state-law class action in a proceeding that also includes a collective action brought under the FLSA." *Ervin V. OS Res. Services, Inc.*, 632 F.3d 971, 973-974 (7th Cir. 2011).  In *Ervin,* the Seventh Circuit first noted that Congress included an express savings clause in the FLSA and therefore intended to preserve all state and local regulations.  29 U.S.C. § 218(a).  The Court then held "There is ample evidence that a combined action is consistent with the regime Congress has established in the FLSA." *Ervin*, 632 F.3d at 977.  *Ervin* is consistent with district court cases in the Ninth Circuit holding that a Rule 23 opt-out class "is not fundamentally incompatible with [a]

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE PLAINTIFFS'
COMPLAINT
*Mitchell, et al., v. Acosta Sales, et al,* Case No. 2:11-CV-01796 GAF (OPx)

1  FLSA opt-in class." *See, e.g., Thorpe*, 534 F.Supp.2d at 1125; *Cortez v. Nebraska*

2  *Beef, Inc.*, 266 F.R.D. 275, 283 (D. Neb. 2010).

3      Acosta's preemption argument has alternatively been framed as whether the

4  application of Rule 23 to state law claims is a violation of the Rules Enabling Act, 28

5  U.S.C. § 2072(b), because Rule 23 abridges a defendant's right to the FLSA's opt-in

6  procedure.  This argument has been consistently rejected.  *Misra*, 673 F.Supp.2d at

7  994-995; *Osby v. Citigroup, Inc.*, No. 07-cv-06085, 2008 WL 2074102 at *3-4 (W.D.

8  Mo. May 14, 2008); *Diaz v. Scores Holding., Inc.*, No. 07-civ-8718,2008 WL

9  7863502 at *6 (S.D.N.Y. May 09, 2008).

10      Acosta relies on *Leuthold v. Destination America, Inc*., 224 F.R.D. 462 (N.D.

11  Cal. 2004), and *Edwards v. City of Long Beach*, 467 F.Supp.2d 986 (C.D. Cal. 2006),

12  to support its preemption argument (Def. Br. at 15:5-8 and 26-27), but neither case

13  addresses preemption.  Both *Leuthold* and *Edwards* denied Rule 23 class certification

14  by finding that the proposed Rule 23 classes were not superior to FLSA collective

15  proceedings.  As discussed below, the Court should address superiority at class

16  certification and, in any event, resolving FLSA and state law claims in a single action

17  here is superior to forcing parallel federal and state lawsuits with duplicative

18  discovery and other inefficiencies.

19      Acosta's remaining authorities similarly do not address preemption.  (Def. Br. at

20  15:9-26.)  Acosta proffered a block quotation from *Otto v. Pocono Health System*, 457

21  F.Supp.2d 522 (M.D. Pa. 2006).  Yet *Otto* has been questioned in its own district,

22  *Lehman v. Legg Mason, Inc.*, 532 F.Supp.2d 726, 731-732 (M.D. Pa. 2007), and has

23  been rejected repeatedly in the Ninth Circuit.[5]  Moreover, that opinion did not even

24  _____

25  [5]    *See Silverman v. Smithkline Beecham Corp.*, Nos. CV 06-7272 and CV 07-2601,

26  2007 WL 3072274 at *1 (C.D. Cal. October 16, 2007) ("The Court finds the reasoning
    of [*Otto*] unconvincing"), *Baas*, 2007 WL 2462150 at *4 ("This Court … finds the

27  reasoning of *Otto* unpersuasive"), and *Ellison, supra*, at *2 ("The Court does not find

28  [*Otto's*] reasoning sufficiently persuasive…").

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

1  discuss preemption directly.  Next, *LaChapelle v. Owens-Illinois, Inc*., 513 F.2d 286,

2  289 (5th Cir. 1975), addressed the entirely different issue of whether a plaintiff could

3  use the Rule 23 procedure to prosecute claims that by statute must use the FLSA's opt

4  in procedure.[6]  *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 195 (4th Cir. 2007),

5  concerned whether the FLSA preempted duplicative substantive state law claims.[7]

6  Finally, *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3rd Cir. 2003), concerns the

7  appropriate exercise of supplemental jurisdiction.  None of these cases supports

8  Acosta's preemption argument.

9  **C.  The Court has Jurisdiction Over the FLSA and the State Law Claims.**

10  Acosta's argument that the supposed conflict between the FLSA and the state

11  law claims creates a jurisdictional problem fails on several levels.  (Def. Br. at 18:10-

12  24.)  First, the Court has jurisdiction over Plaintiffs' state law claims under the Class

13  Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA") (Complaint ¶ 3), and so the

14  presence or absence of supplemental jurisdiction under 28 U.S.C. § 1367(c), is not

15  relevant.  *Baas*, 2007 WL 2462150 at *3-4 (noting independent jurisdiction over state

16  claims under CAFA); *Ellison v. Autozone Inc.*, No. C06-07522, 2007 WL 2701923 at

17  *2 (N.D. Cal. September 13, 2007) (same).  Second, the supplemental jurisdiction

18  analysis considers the *"type of claim"* asserted and whether the types of state claims

19  will predominate.  *Wang,* 623 F.3d at 761-762; *Harris v. Vector Marketing Corp.*,

20  753 F. Supp.2d 996,, 1019 (N.D. Cal. 2010).  Acosta not only admits but argues

21  affirmatively that the FLSA and state claims are closely related.  (Def. Br. at 15:28-

22

23

24  [6]   See *Baas,* 2007 WL 2462150 at *3 fn 3 (distinguishing *LaChapelle*).

25  [7]   *Anderson* cited three district court cases from the Ninth Circuit in its preemption

26  analysis.  In *Wang*, 623 F.3d at 759, the Ninth Circuit stated unequivocally: "We have

27  never held that FLSA preempts a state-law claim," referenced the three district court

28  cases, and went on to find *Anderson* "unpersuasive."

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

16:11.)  Accordingly, the state claims are not of a different type that will predominate over the FLSA claims.  Third, any discussion of supplemental jurisdiction is premature because that issue should be addressed on an evidentiary record.  *Misra*, 673 F.Supp.2d at 995.

Acosta's supplemental jurisdiction argument also fails because it rests on the flawed analysis in *Leuthold* and *Edwards* (which followed *Leuthold*).  (Def. Br. at 17:6-19.)  The Court in *Leuthold* was concerned, erroneously, that if there were few FLSA opt-ins that the Court's exercise of supplemental jurisdiction would not be appropriate.  In *Wang*, 623 F.3d at 761, the Ninth Circuit effectively overruled *Leuthold* when it upheld the exercise of supplemental jurisdiction even though "an FLSA opt-in action will almost invariably have fewer participants than a closely-related state law opt-out action when state and federal claims are brought in the same case."  Recent district court opinions have expressly decided not to follow *Leuthold* and limited it to its facts.  *Harris*, 753 F.Supp.2d at 1018 ("this Court declines to follow *Leuthold*"); *Carter v. Anderson Merchandisers, LP*, No. EDCV 08-25-VAP, 2008 WL 4948489 at *9 (C.D. Cal.  November 18, 2008) (noting *Leuthold's* concerns and stating "The Court declines to follow this line of argument.").

## D.  <u>A Rule 23 Class Is Superior to Piecemeal Adjudication of the California Claims.</u>

Acosta's argument that a Rule 23 class will not be a superior procedural vehicle for the California claims, in light of the FLSA opt-in claims, conflicts with its simultaneous argument, presented in the motion to stay, that this case should be combined with the purely state law action of *Torres v. Acosta*.  This irony aside, the argument is premature because superiority is a fact specific determination to be decided at class certification.  *Ferrell v. ConocoPhillips Pipe Line Co.*, No. 5:09-cv-00431, 2010 WL 1946896 at *3 (C.D. Cal. May 12, 2010); *Ellison*, 2007 WL

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

1    2701923 at *3 ("The Court declines to resolve [superiority objections] to the Rule 23

2    class certification at the Rule 12(f) stage.").

3         Acosta argues in the abstract that a combined action will be confusing or

4    unmanageable.  (Def. Br. at 18:3-9.)  To the extent there is any concern with

5    confusing the members of the class, however, the parties can prepare and seek court

6    approval of a class notice that carefully distinguishes between the opt-in and opt-out

7    procedures applicable to different claims.  *Ervin*, 632 F.3d at 978.

8         A single combined action with FLSA and state law claims is, indeed, more

9    efficient and effective than separate federal and state lawsuits.  *Ervin*, 632 F.3d at 981

10   ("it would undermine the efficiency rationale of supplemental jurisdiction if two

11   separate forums were required to adjudicate precisely the same issues"); *Harris*, 753

12   F.Supp.2d at 1018 (noting "trilemma" of class members if FLSA collective actions

13   precluded Rule 23 class claims); *Cortez*, 266 F.R.D. at 294 ("A class action is a

14   superior method of resolution of the issues compared to individual litigation, separate

15   litigation of the state law claims, or a FLSA action alone.").  There is, in summary, no

16   basis for precluding a combination action, and certainly no basis for making that

17   decision on a Rule 12 motion.

18   **VI.   THIS COURT SHOULD NOT STRIKE PLAINTIFFS' CLAIMS FOR**

19   **TRAVEL TIME**

20        The premise of Acosta's motion with respect to the travel time claims is that

21   employees are not entitled to compensation for normal commute time.  This is beside

22   the point, however, as Plaintiffs are not seeking such compensation.  Rather, Plaintiffs

23   seek compensation for non-commute travel time under three distinct and alternative

24   legal theories, all of which should await further factual development.

25        **A.   Plaintiffs' Travel Time Is Part Of The Continuous Workday.**

26

27

28

SCHNEIDER WALLACE
COTTRELL  BRAYTON
KONECKY LLP

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE PLAINTIFFS'
COMPLAINT
*Mitchell, et al., v. Acosta Sales, et al*, Case No. 2:11-CV-01796 GAF (OPx)

1    Although an employee's initial and final commute time is not usually
2  compensable under FLSA because of the Portal-to-Portal Act, [8] the Supreme Court
3  has carved out an exception known as the "continuous workday rule." *IBP, Inc.* v.
4  Alvarez, 546 U.S. 21, 22 (2011). The continuous workday rule, also referred to as the
5  "whistle to whistle" doctrine, defines the workday as "the period between the
6  commencement and completion on the same workday of an employee's principal
7  activity or activities." *IBP*, 546 U.S. at 28-29 (quoting 29 C.F.R. 790.6(b)).  In doing
8  so, the Supreme Court held that "any activity that is 'integral and indispensable' to a
9  'principal activity' is itself a 'principal activity'. . . ." *Id.* at 37. Moreover, the
10 Department of Labor Regulations state: "Time spent by an employee in travel as part
11 of his principal activity, such as travel from job site to job site during the workday,
12 must be counted as hours worked." 29 C.F.R. § 785.38.

13    In *Rutti*, the Ninth Circuit held that travel time that occurred between a final
14 work site and a compensable principal activity at home was not compensable as long
15 as employees have flexibility regarding when they could perform the later
16 compensable activity at home. *Rutti*, 596 F.3d at 1060 (relying on 29 C.F.R. § 785.16[9]
17 and noting that workers could "make transmission [] at any time between 7:00 p.m.
18 and 7:00 a.m."); *see also Kuebel v. Black & Decker Inc.,* -- F.3d --, --, 10-2273-CV,
19 2011 WL 1677737 at *6 (2nd Cir.  May 1, 2011). However, both *Rutti* and *Kuebel* are
20 distinguishable. First, both cases were considering summary judgment motions, which
21 is not the case here. Second, unlike those cases, Plaintiffs here have alleged that they

---

[8]    Under the Portal to Portal Act and corresponding regulations "An employee who
travels from home before his regular workday and returns to his home at the end of the
workday is engaged in ordinary home to work travel which is a normal incident of
employment . . ." 29 C.F.R. § 785.35; 29 U.S.C. § 254(a)(1).
[9]    29 C.F.R. § 785.16 provides that" [p]eriods during which an employee is
completely relieved from duty and which are long enough to enable him to use the
time effectively for his own purposes are not hours worked."

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

1   had to perform the uploads by a certain time. Complaint at ¶ 16. Third, the regulations

2   indicate that determining whether workers have sufficient flexibility is fact specific,

3   and here discovery has not yet begun. *See* 29 C.F.R. § 785.16.

4        Moreover, several courts have endorsed the principle that travel amid a

5   continuous workday is compensable.  For example, in *Dooley v. Liberty Mutual Ins.*

6   *Co.,* 307 F.Supp.2d 234, 242-245 (D.Mass.2004), the court held that duties such as

7   starting computers, reviewing the days assignments and running software constituted

8   compensable activities at the start of the workday while activities such as checking

9   voicemail, faxing paperwork and completing a time log constituted compensable

10  activities at the end of the day. *Id.* In *Dooley*, the court noted that the notion of

11  principal activity "is to be construed broadly" and held that "the activities the

12  plaintiffs allege they perform at home constitute principal activities." *Id.* at 242.

13  Accordingly, the court held that plaintiffs' initial and final commute times to and from

14  their home offices was part of the continuous workday and therefore compensable. *Id.*

15  at 245.

16         The conclusion that the plaintiffs are entitled to
           compensation comports with common sense . . . the
17         plaintiffs here perform substantial administrative work at
           home. Their office is their home. The first and last trip of
18         the day for these [plaintiffs] is not a commute in the
           ordinary sense of the word-it is a trip between their
19         office, where their administrative work is performed, and
           an off-site location. Travel between an office and an off-
20         site location is compensable time.
21

22  *Id.* at 245. Similarly, in *Bourdreaux v. Banctec, Inc.,* 366 F.Supp.2d 425, 432

23  (E.D. La. 2005), the court denied a defendant/employer's summary judgment motion,

24  holding that there was a triable issue of fact because computer technicians' driving

25  time, which occurred after pre-shift work performed at home offices, could be

26  compensable under the continuous workday rule.

27

28

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE PLAINTIFFS'
COMPLAINT
*Mitchell, et al., v. Acosta Sales, et al*, Case No. 2:11-CV-01796 GAF (OPx)

1   Here, as noted above, merchandisers perform their first and last principal

2   activities of the day in their home office.  Before leaving home, as alleged in the

3   complaint, Acosta requires merchandisers to review assignments, download

4   information, and collect questions in order to monitor shelving and inventory in the

5   stores. Complaint at ¶15.  Plaintiffs also allege that Acosta requires the uploading of

6   information gleaned from the retail sites by a certain time each night. *Id.* at ¶16.  By

7   bookending the workday in this fashion, Acosta has converted the home office into

8   the first and last job sites.  Because Plaintiffs travel to stores in between these

9   workday starting and stopping points, and because there are practical and actual

10  constraints on the timing of the opening-day and close-of-day activities, this drive

11  time between them constitutes compensable work.

12  Acosta's blanket statement at the pleadings stage that travel time is not

13  compensable under FLSA is not true.  It is less true under state law, which can be

14  more protective than the FLSA and does not incorporate the Portal-to-Portal Act.

15  *Morillion,* 22 Cal.4[th] 575 at 592; *Bibo*, 2009 WL 1068880 at *4. At the very least,

16  Plaintiffs should be allowed discovery to pinpoint for the record the extent to which

17  putative class members had any flexibility in the timing of these downloads and

18  uploads.

19  ### B.  **Plaintiffs' Travel Time is a Principal Activity.**

20  Plaintiffs' claims should not be stricken even if the continuous workday rule did

21  not apply. Plaintiffs' travel to and from the first and last retail sites is an integral and

22  indispensable part of their jobs. That is, even if an activity is not a principal activity, it

23  can be compensable if it is integral to a worker's principal work activity.  *Adams v.*

24  *U.S.* 65 Fed.Ct. 217, 22 (2005); *Bobo v. U.S.*, 37 Fed.Cl. 690, 698-99 (1997).  Courts

25  deciding whether activities are integral and indispensable (as opposed to just

26  uncompensable preliminary or postliminary activities) examine whether: (1) the

27  employee requires it; (2) the activity primarily benefits the employer; and (3) how

28

closely related the activity is to the employee's principal duties. *Bobo,* 37 Fed. Cl. at 693.

Here, Plaintiffs have alleged that Acosta requires them to travel to stores and record and report information. Complaint at ¶¶ 1, 13, 15, 16, 18. Plaintiffs have alleged this travel primarily benefits Acosta because through its merchandisers, Acosta can determine "which products are placed in which areas of retail shelving and in which qualities" and "ensure that appropriate merchandise is on sale and is displayed properly." Complaint at ¶ 13. Finally, Plaintiffs have alleged that traveling to and from the retail sites and transporting and collecting data regarding product placement and carrying equipment for product displays are seamlessly related to their principal activities. Complaint at ¶18. Without transporting the equipment necessary for installation at the stores, merchandisers could not perform their jobs once they reach the retail site. Complaint at ¶18. At the very least, Plaintiffs' travel-related claims should not be stricken at the pleadings stage.

## C. Merchandisers' Travel Time to and from the First and Last Retail Stores is Compensable When it Exceeds Their Average Commutes.

Another distinct basis for allowing Plaintiffs' travel claims to continue past the pleadings stage is that merchandisers' travel time to their first retail site sometimes exceeds their average commute. Both the California Department of Labor Standards Enforcement and the U.S. Department of Labor have concluded that travel time in excess of an employee's normal commute time can be compensable under FLSA in certain circumstances. December 5, 1994, Department of Labor Wage and Hour Opinion Letter; August 30, 1991, Department of Labor Standards Enforcement Letter. Furthermore, 29 C.F.R. § 785.35 also provides that one-day assignments to other cities to meet special needs are compensable. Here, some class members have an ongoing need to drive to places that are well beyond their standard commute. Plaintiffs can parse out the compensable drive time for class members based on their

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE PLAINTIFFS' COMPLAINT
*Mitchell, et al., v. Acosta Sales, et al,* Case No. 2:11-CV-01796 GAF (OPx)

1  route schedules and assignments through discovery. But it is premature to strike
2  travel-related claims at this point.

3  **VII.  THE COURT SHOULD STRIKE THE PUNITIVE DAMAGE**
4  **ALLEGATION WITHOUT PREJUDICE.**

5         Plaintiffs already have agreed to dismiss the request for punitive damages
6  without prejudice.  Should discovery later reveal the need to reassert those claims, the
7  Court can address them at that time if Plaintiffs make a motion to amend under Rule
8  15(a).

9  **VIII.  CONCLUSION**

10        For all the foregoing reasons, Acosta's motion to dismiss and/or strike should be
11  denied in its entirety.  If the Court is inclined to grant any part of the motion, however,
12  Plaintiffs in the alternative respectfully request leave to amend.

13

14  DATED:  May 23, 2011              Respectfully submitted,

15

16                                   SCHNEIDER WALLACE COTTRELL
                                     BRAYTON KONECKY LLP
17

18                                   GIRARD GIBBS LLP

19                                   */s/ Joshua G. Konecky*
20                                   Joshua G. Konecky

21                                   Attorneys for Individual and Representative
22                                   Plaintiffs Kevin Dwaine Mitchell and
                                     Natasha Lytle
23

24

25

26

27

28

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE PLAINTIFFS'
COMPLAINT
*Mitchell, et al., v. Acosta Sales, et al*, Case No. 2:11-CV-01796 GAF (OPx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1